## Lydia Croade *versus* Elijah Ingraham *et al.*

The right of a widow to have dower assigned to her, is not such an estate as can be the subject of a lease; and consequently, a covenant in an instrument purporting to be a lease, to pay her a sum of money annually by way of rent, in consideration of her forbearing to exercise her right, is a personal covenant, and cannot run with the land, so as to bind the assignee of the (so called) lessee.

Such a contract for forbearance for a term of years, cannot be construed to be a release; since a release operates presently and absolutely.

It appearing on the face of such instrument called a lease, that the subject of it was only a right to have dower assigned, the rule, that a lessee or his assignee is estopped to deny the title of his lessor, is not applicable.

Nor is such assignee estopped by his payment of rent, to deny that he paid it as assignee of the covenant; since by *St.* 1816, *c.* 84, a widow is entitled to one third part of the rents and profits of the land whereof she is dowable, until the heir shall set out to her her dower.

This was an action of covenant for rent, brought against the defendants as assignees of Jabel Ingraham, upon his covenant contained in a lease made to him by the plaintiff, of her right of dower in a manufactory, called the yellow mill, with the water privilege &c. The defendants pleaded that they were not assignees of Jabel as to the plaintiff's interest in the property.

At the trial, before *Morton* J., the plaintiff produced a lease by indenture, from herself to Jabel Ingraham, for seven years from October 1, 1825, of "all the right which she has to have dower assigned to her" in the real estate in question, containing a covenant of Jabel for himself, his heirs and assigns, to pay for the use &c., at the rate of $ 190 per year, quarterly. Also an indenture, dated July 30, 1829, by which Jabel assigns to the defendants all his personal property and divers parcels of real estate, including "all his right, title and interest" in the real estate described in the lease, in trust for the payment of his creditors.

It was agreed, that the plaintiff had a right of dower not legally assigned to her, in an undivided half of the real estate, and that the assignees paid her, according to a receipt produced, "for the use of her part of yellow mill" from August 1, 1829 to November 1, 1829, the sum of $ 47·50.

A verdict was taken for the defendants by consent, subject to the opinion of the whole Court.

*Dewey* and *G. Bliss*, for the plaintiff, cited to the point that Jabel Ingraham and his assignees were estopped by the indenture of lease to deny, during the term, the title of the lessor, Bac. Abr. *Lease, O ; Blake* v. *Foster,* 8 T. R. 487 ; and, that the assignees were in like manner estopped by their paying a quarter's rent under the lease, *Holford* v. *Hatch,* Doug. 183 ; *Doe* v. *Pegge,* 1 T. R. 760, note ; *Doe* v. *Watts,* 7 T. R. 83.

*Morris* and *Calhoun,* for the defendants, to the point that the covenants were personal to Jabel Ingraham and did not run with the land, cited Shep. Touch. 179 ; *Portmore* v. *Bunn,* 3 Dowl. & Ryl. 145 ; *S. C.* 1 Barn. & Cressw. 694 ; *Copeland* v. *Stephens,* 1 Barn. & Ald. 593.

SHAW C. J. delivered the opinion of the Court. It appears by the agreed statement of facts, that the plaintiff had a right of dower in one half of a mill situated at Pawtucket in the county of Bristol, but that her dower had never been assigned her by process of law or otherwise. In this state of things she entered into the contract, described in the statement of facts, and called a lease, with Jabel Ingraham, who, it appears by the argument, though not so distinctly stated in the facts, held the estate in which this right of dower existed. Upon this contract he covenanted to pay her by way of rent, $ 190 per annum for seven years, for her interest in the estate. The action is covenant, and is brought against the defendants as assignees of the lessee, liable as such to pay the rent reserved upon this lease.

The action is founded on the rule of law, that where there is a lease for a term of years, upon which rent is reserved, he who takes an assignment of the estate thus leased, takes it subject to the payment of the rent, and the law raises a liability on his part to pay the same rent as his assignor, the original lessee, had covenanted to pay, so long as he holds the estate thus leased, and there being such a legal liability, the assignee is liable to be sued as such, on such covenants. The covenant, or liability to perform the covenant, is said to run with the leasehold estate or interest, and to bind all privies.

But in order to lay the foundation for the operation of this rule, it is obvious that there must be, 1. Some *estate* or interest leased ; 2. A rent reserved, properly so called, that is, not a sum in gross as a personal debt, but a reservation out of the leasehold estate or interest ; and 3. A covenant of the lessee to pay such rent.

But the Court are of opinion, that in the present case the widow had no estate or interest, which could be the subject of a lease ; that a right of dower is a personal right, which, until dower assigned, by the act of law, or by the act of the party bound to assign it, gives no estate. It follows, therefore, that no estate or interest passed by the instrument, which could pass to an assignee, or with which the covenant for an annual payment could run. The contract might be a legal and a very equitable contract between the parties ; the widow entitled to dower might agree with the general owner of the estate, to forbear the exercise of her right to have dower assigned for a certain term, and this was a good consideration for an annual payment. But such a contract was not in strictness a lease, because no estate passed by it, and for the same reason, such annual payment could not be deemed a rent.

This instrument cannot operate as a release, as contended for in the argument, because it would be manifestly against the plain intent of the parties. A release must operate presently, and absolutely. But it is quite clear, that it was not the intention of the plaintiff to relinquish her right forever, but to transfer the use of it, or to speak more accurately, to forbear the exercise of it, for a term of years, at the expiration of which it was to revert to her.

Nor does the doctrine of estoppel, or the maxim of *nil habuit in tenementis*, apply. Here it appears on the face of the instrument itself, that the plaintiff intended to transfer to Jabel Ingraham, by the instrument called a lease, all the right which she had to have dower assigned to her ; and it is a general rule governing the doctrine of estoppel, that where the truth appears on the face of the instrument itself, upon which the estoppel is alleged to arise, no estoppel is wrought as to the fact thus appearing. Here it appears by the

Croade
*v.*
Ingraham.

instrument itself, that the subject matter of the contract was a right to have dower assigned, on the one side, and as a compensation therefor, an annual payment on the other ; and therefore, whatever the parties called it, and whatever might be their view of its legal character and effect, it must be deemed to be a personal contract on both sides ; no leasehold interest was created and no rent reserved.

Nor are the defendants estopped by the payment of a quarter's rent to the plaintiff. By the statute of 1816, *c.* 84, a widow entitled to an unassigned right of dower, is entitled to claim one third of the rents and profits of such estate, until the heir shall assign and set out to her her dower. From the time at which they took the estate, therefore, they were liable to pay to her one third of the rents, and this payment might well have been made in pursuance of this legal obligation, and of course it does not necessarily follow from it that the defendants admitted themselves liable as assignees of the covenant ; and all estoppels are to be construed strictly.

*Judgment on the verdict for the defendant.*