Barnes *et al. v.* Born.

No. 15,375.

## BARNES ET AL. *v.* BORN.

PARTITION.—*Sale of Husband's Land on Personal Judgment.—Death of Husband.—Inchoate Interest of Wife in.—Does not Constitute Her a Tenant in Common.—Right Barred by Limitation.—Co-tenants.—Adverse Possession.—Ouster.*—While A. was in possession and owned a certain tract of land, B. obtained a judgment against him for $500; but, prior to the judgment, A. and his wife had mortgaged said land to C., and after B. had bought said land at sheriff's sale, under said judgment, and had obtained a sheriff's deed for the same, C. obtained a decree of foreclosure, on his said mortgage, against A. and his wife. B. became replevin bail on the decree in foreclosure, and paid the same and took an assignment of the decree from C. Soon after obtaining his deed, B. took possession of said land, and from that time to the present B. and his heirs and their grantees have been continually in the actual possession of said land, receiving the rents, paying the taxes, making repairs thereon, and treating it as their own to the exclusion of A. and his wife, and all other persons. Soon after the foreclosure of said mortgage, A. died, and shortly after him his wife died. Afterwards B. died intestate, and his wife, by conveyance from his heirs, became the sole owner of said land. After the death of A., B. and his heirs and their grantees continued to occupy the premises to the exclusion of all others, receiving and converting to their own use all the rents and profits, paying taxes, and making improvements, for more than twenty years; nor was A.'s wife nor any one else recognized as having any interest in said land, nor did any other person make any claim of title to the land. D., a descendant, and heir of A. and his wife, brought suit to have said land partitioned, and one-third of said land set off to him, claiming it as the inchoate interest of his mother, which descended to him upon her death.

*Quære,* was the action barred by the fifteen year statute of limitation?

*Held,* that where one tenant openly occupies the premises as his own, to the exclusion of all others, taking and converting the rents to his own use, ignoring and failing to recognize others as having any interest in the premises or right to the possession of the same, and no claim is made by the co-tenant out of possession, such possession for fifteen years will bar an action for partition.

*Held,* also, that if a tenant in possession occupies the premises, and does so recognizing the rights of his co-tenants, he gains no rights, nor does any one lose any rights as being barred from a recovery by the statute of limitation, even though the tenant in possession retains the rents and profits, pays the taxes, and makes improvements.

*Held,* also, that B., under his sheriff's deed, had possession of all the premises as of right, and that an occupancy thus taken will continue so until interrupted; and that A.'s wife, upon his death, only obtained a legal right to the undivided one-third of the land which was in the adverse possession of another, and that she and her heirs slept upon their rights until they were barred by limitation.

*Held,* also, that as there was no effort to obtain possession of the land, either by the widow or her son, until after the decree assigned to B. had been barred by limitation, in equity, there is as strong reason for applying the statute of limitation to the right of the widow or her heir, as for applying it to the decree of foreclosure in favor of the purchaser.

From the Vanderburgh Circuit Court.

*T. E. Garvin, G. A. Cunningham* and *D. B. Kumler,* for appellants.

*C. L. Wedding,* for appellee.

OLDS, J.—On the 23d day of February, 1889, the appellee, Oscar Born, filed his complaint in this action against the appellants, Sarah E. Barnes, Thomas Garvin and the unknown heirs of Robert Barnes, alleging that he was the owner of the undivided one-third of a certain lot in the city of Evansville, and that the defendants were the owners of the other two-thirds, and asking for partition. Afterwards Edward C. Reitz, Frederick Buente and Henry Hoye were made parties defendant, and summons was issued and served upon them.

Issues were joined and a trial had, resulting in a finding and judgment for the appellee. Motion for a new trial was filed by the appellants, which was overruled, and exceptions taken, and the ruling assigned as error. The facts important to be considered are as follows: On September 23, 1856, Jacob Born, father of appellee, was the owner of the lot in question, and, together with his wife, was in possession thereof and occupying the same as a dwelling. On that day Born and his wife mortgaged said real estate to the firm of Bement & Viele, to secure the payment of a note for about $500. On the 1st of May, 1857, Robert

Barnes recovered a judgment against the said Jacob Born in the Vanderburgh Circuit Court for $500. An execution was issued on the judgment, and the land was sold in pursuance thereof on the 15th day of August, 1857, to Robert Barnes for $500, and the sheriff executed to him a deed for the same. At the June term (1857) of the Court of Common Pleas of said county, Bement & Viele took a decree of foreclosure on their said mortgage against said Jacob Born and Barbara Born, his wife. Robert Barnes became replevin bail on the judgment in favor of Bement & Viele, and on the 18th day of August, 1857, paid the same and took an assignment of the same from Bement & Viele. No sale was ever made on said decree of foreclosure. Soon after receiving his deed for said lot, Robert Barnes took possession of said lot. From the time he took possession of the same up to the present time he and his heirs and their grantees have been continuously in the actual possession of said real estate, receiving the rents, paying the taxes, making repairs thereon, and treating it as their own to the exclusion of the said Jacob Born, Barbara Born and all other persons. Jacob Born died in September, 1866, leaving as his heirs his widow, Barbara Born, and his son, the appellee, Oscar Born. His widow died in July, 1867. Afterward, in 1871, Robert Barnes died intestate, and by conveyances from his heirs, appellant, Sarah E. Barnes, became the sole owner of the land. Afterward she conveyed the same to Edward C. Reitz, appellant, who conveyed the same to appellants, Buente and Hoye, who at the time of the trial were in possession, claiming title.

The case was tried and the rulings of the court were made upon the theory that the purchaser, Robert Barnes, his heirs and their grantees occupied and had possession of the real estate, after the death of Jacob Born, as co-tenants with Barbara Born, during her life, and after her death, as co-tenants with the son, the appellee; that the acts of the

occupants were those of co-tenants, and did not operate as a denial to the title of Barbara Born or the appellee, or as an ouster of them, and were not such as caused the statute of limitation to run against them, and that the right to recover the one-third interest in the land was not barred by the statute of limitation. If this theory is not correct, then the judgment must be reversed. The purchaser, Robert Barnes, took possession of the real estate in pursuance of his purchase. The judgment debtor, Jacob Born, and his wife, Barbara Born, were in possession at the time of the sheriff's sale. Soon afterward they vacated the premises, and the purchaser (Barnes) took possession. By the purchase Barnes received an absolute title in fee to the premises, subject only to the right of the wife to an undivided one-third interest in the same, in case she survived her husband. During the lifetime of the husband, Barnes was entitled to the exclusive possession of the premises, and to all of the rents and profits. Neither the wife of Born nor any other person could dispute his possession or his right to all of the rents and profits during the lifetime of the husband. Barnes took exclusive possession and held it, receiving all the rents for nearly ten years prior to the husband's death. No person could or did dispute his ownership of the property. After the death of Jacob Born said Barnes and his heirs and their grantees continued to occupy the premises, as he had done before, to the exclusion of all other persons, receiving all of the rents and profits, converting the same to their own use, paying taxes and making improvements for over twenty years after the death of Jacob Born, not recognizing the widow, Barbara Born, or any other person as having any interest in the real estate; and neither she, the appellee, nor any person made any claim of title to the land.

Our statutes of limitation are statutes of repose. If the theory of counsel for appellee, and the theory upon which this case was tried, is correct, an imperfect title acquired

in the manner in which the appellant's was acquired would never become perfect by the lapse of time; at least not where the title passed by descent. The parties would continue to hold for centuries as tenants in common, and acts of mere exclusive possession, or occupancy to the exclusion of others, paying taxes, making improvements and using the same as their own would amount to nothing in the way of establishing or perfecting title; for it is said that, being a co-tenant, such acts inure to the benefit, and are, in law, the acts of the tenant out of possession, as well as the tenant in possession; that one co-tenant occupies not only for himself, but for all his co-tenants.

We fully comprehend the doctrine contended for by counsel for appellee, and appreciate the extent to which the authorities carry it. The doctrine is clearly applicable, and is proper to be carried to its full extent in a case where one tenant occupies the joint premises, when the interest of the parties are understood and known and recognized. One gains no rights when he occupies premises owned by himself and a co-tenant, with a mutual understanding that he should do so, or does so, recognizing the rights of his co-tenant in the premises, even though he retain the rents and profits, and pays taxes, and makes improvements. In such a case persons might own land as co-tenants for any length of time without the one gaining any rights or the other losing any, as being barred from recovery, but such a case differs very materially from the one at bar. When the party goes into possession with the absolute right of exclusive possession, and having the right to exclude all others, and claims and occupies the same as his own, excluding all others, collecting and using all rents as his own, paying all taxes, making improvements and treating the property as his own ; and when the fact occurs, which divests him of the legal title to the undivided one-third, he fails to acknowledge any such failure or defect of title to such undivided interest, but continues to use the property as be-

fore, ignoring all interest of other persons, and did so while
no other person claims any interest in it. The widow's right
under the law accrued in 1866, at the death of her hus-
band. At that time Barnes was in full possession, to the
exclusion of her and all others. He ignored her interest
and continued to treat the land as his own. She made no
demand for it, and so it continued, and she died, and her
interest descended to her son, the appellee. The same state
of facts still existed, and the son made no claim, and was
not recognized by the occupant as having any interest.
The right of action for the possession or for partition ac-
crued when Jacob Born died. No action was brought for
fifteen, indeed, for over twenty years thereafter. This
court has held that an action for partition is barred in fif-
teen years. *Nutter* v. *Hawkins*, 93 Ind. 260; *McCray* v.
*Humes*, 116 Ind. 103. We think these decisions correctly
declare the law in cases where, as in this case, one tenant
openly occupies the premises as his own to the exclusion
of the other, taking and converting the rents to his own
use, ignoring and failing to recognize the others as having
any interest in the premises or right to the possession or
use of the same, and no claim is made by the tenant out
of possession. Such occupancy constitutes an ouster; but
a different rule would apply when the right is acknowl-
edged, and the premises occupied by a mutual understand-
ing or agreement of the parties. Barnes took possession
of the land as owner of the whole; there was no change
in the nature or status of his occupancy, notwithstanding
the widow, some two years afterwards, acquired the legal
title to an undivided one-third through the death of her
husband. Barnes did not recognize her right, but continued
to hold and occupy as before, to the exclusion of her and
all others. Had there been a demand and recognition, and
acknowledgment of the right of the widow to the one-
third after the death of her husband, to some extent a dif-

ferent question would be presented, but it is not contended that this was done.

The appellee's right of action, as appears from the uncontroverted facts, was barred in fifteen years from the death of Jacob Born, and the court erred in overruling appellant's motion for new trial. The judgment is reversed, with instructions to proceed in accordance with this opinion.

Filed March 16, 1892.

## DISSENTING OPINION.

McBRIDE, J.—During the life of the husband, Barnes was entitled to and did hold the entire premises, subject to the inchoate interest of the wife. When the husband died her inchoate interest became absolute, and she was thereafter the owner in fee of the undivided one-third of the premises, and tenant in common with Barnes.

I doubt that the mere continued occupancy of Barnes, which is all that is shown by the record, was, of itself, sufficient to set in operation the statute of limitation as against his co-tenant. I, therefore, doubt the correctness of the conclusion reached.

MILLER, J., also doubts upon the same grounds.

Filed March 16, 1892.

## ON PETITION FOR A REHEARING.

OLDS, J.—Counsel for appellee have filed a petition for rehearing, and support it by an earnest and able argument, and cite numerous authorities on the questions as to what constitutes an ouster, adverse possession, and that the occupancy of one co-tenant is, in law, the occupancy of all the tenants, and not adverse to those out of possession ; and counsel contend that the statute of fifteen years' limitation only applies in a partition suit where one of the co-tenants

has ousted his co-tenants and occupied adversely to them, and further contend that in this case there is no ouster or adverse possession shown. As stated in the original opinion, we do not controvert any of the general principles so earnestly contended for by the counsel.

In this case the party took possession of the real estate, not as a co-tenant, but as purchaser and owner of the premises. At the time he took possession in pursuance of the purchase at the sheriff''s sale, he had the right to the possession of the whole premises, and he had the right to the rents for the whole premises. Had Mr. Born, the judgment defendant, survived his wife, the purchaser's title, by virtue of the purchase, would have been perfect to the whole premises. Thus, when the purchaser took possession under the purchase he did so as owner, and was entitled to the possession of the whole, and not as a part owner or as a co-tenant with any person. Barnes, the purchaser, afterward died, and the land went by descent to his heirs, and through mesne conveyances the title and possession passed to the appellants. Barnes and those claiming under and through him continued the possession of the land after the death of Born the same as before.

The law fixes the status by which Barnes, the purchaser, took possession and held the land. He took possession of all of the land and received all of the rent for the same, because he had the legal right to the whole. No person prior to the death of Born had any right to occupy the land with him or to have any share of the rents. Having taken possession and taken all the rents he continued to hold possession and receive and use all of the rents until his death, when his heirs did likewise until they sold it and turned the possession over to their grantees, who continued to occupy and collect and use the rents for the whole premises. The occupancy once taken as of right, it continues in the same way until interrupted.

When Born died the land which Mrs. Born took a one-

Barnes *et al. v.* Born.

third interest in was and for ten years had been, in the possession of Barnes, he occupying it and collecting and using all the rents, as he had a legal right to do, and he and his heirs and their grantees continued to occupy and use the property in the same manner afterward as before. Neither the widow of Born nor his heirs ever had the possession, nor did any person occupy it for them or either of them. It amounted to an ouster, for at the time she took the title it was held by another as his own. All she obtained was a legal right to the undivided one-third of the property, which was in the adverse possession of another, and she and her heirs slept upon their rights until they were barred by limitation. When the right of the widow first accrued, there was a judgment of foreclosure against both Born and his wife in force, and not barred by limitation, which the purchaser (Barnes) had become replevin bail upon, and which he had paid and taken an assignment of the judgment. Having possession of the real estate under his sale on the judgment, he never sold the land on the decree. Had Mrs. Born sought to enforce her rights on the death of her husband, the purchaser (Barnes) could have enforced his decree of foreclosure against the land, but no effort was made to obtain the possession, or to assert the right to the one-third interest in the land, either by the widow or her son and heir until after the decree was barred by the statute of limitation. In equity there are as strong reasons for applying the statute of limitation to the right of the widow or her heir to recover the one-third of the land, as there are for applying it to the decree of foreclosure against the land in favor of the purchaser, who all the time held possession and occupied and used the same as his own under his former foreclosure.

The petition for rehearing is overruled.

Filed December 16, 1892.