MICHAEL BLANKENHORN v. ALFRED LENOX et al.,
　　　　Appellants.

DAVID BLANKENHORN v. ALFRED LENOX, et al.,
　　　　Appellants.

Adverse Possession: TENANTS IN COMMON: OUSTER: EVIDENCE.
1　There may be such an assertion of absolute, entire and exclusive ownership by one tenant in common as to constitute an ouster of a co-tenant and cause the running of the statute of limitations whereby title by adverse possession may be acquired. Evidence examined and held to show such possession and assertion of ownership as to constitute an ouster of the co-tenant from whom no conveyance was had.

**Adverse Possession:** CLAIM OF RIGHT AND COLOR OF TITLE: PROOF.
2    A conveyance from one in possession is sufficient foundation for
a claim of right and color of title to render possession thereun-
der adverse, though grantor had no title whatever; and for the
purpose of showing claim of right and color of title parol evi-
dence of a sale and successive conveyances is competent.

*Appeal from Louisa District Court.*—HON. JAMES G.
SMYTHE, Judge.

SATURDAY, FEBRUARY 13, 1904.

ACTIONS to quiet title to real estate. Decree in each
case for plaintiff. Defendants appeal.—*Affirmed.*

*O. F. Davisson* and *L. A. Reiley* for appellants.

*C. A. Carpenter* for appellees.

McCLAIN, J.—The plaintiffs claim, as absolute owners,
each a tract of land, derived by conveyance from Gotlieb
Blankenhorn; and the question is whether, by such convey-
ances, and subsequent possession thereunder
to the time of bringing suit, they acquired an
absolute title as against the claims of defend-
ants. It appears that in 1840 Napoleon B.
Lenox and Alfred Lenox entered the south one-half of a cer-
tain section of land in Louisa county, and acquired title
thereto, as tenants in common, by patent from the govern-
ment in 1841. It is not questioned that the undivided inter-
est of Napoleon B. Lenox, through a subsequent conveyance,
became vested in Gotlieb Blankenhorn, but plaintiffs were un-
able to establish any conveyance of the other undivided half
from Alfred Lenox. It does appear, however, that in 1850
one Richard M. Lenox was in possession of the premises in
controversy, which constitute a portion of the half section
originally entered by Napoleon B. and Alfred Lenox, and
that, by a chain of conveyances of the undivided half of the
said premises, Gotlieb Blankenhorn became the owner of the
undivided half of the tract through conveyances from Rich-
ard M. Lenox, if he had authority to convey it. In short,

*[margin note: 1. ADVERSE possession: tenants in common: ouster: evidence.]*

Gotlieb Blankenhorn became the unquestioned owner of one undivided half, and the ostensible owner of the other undivided half, of the premises; and he acquired title to the latter from one in possession, purporting to make conveyance by warranty deed. It appears, also, that Gotlieb Blankenhorn and plaintiffs, claiming under him, have been in the undisputed possession of the premises, exercising the rights of exclusive ownership, for more than twenty-five years. Under this state of facts, there can be no escape from the conclusion reached by the trial court that by adverse possession, if not otherwise, the plaintiffs, under their common grantor, are the absolute owners of the property.

It is argued for appellants that the possession and the acts of ownership relied on by plaintiff are referable to the undivided one-half interest acquired from Napoleon B. Lenox, and that the heirs of Alfred Lenox, who are the defendants in these actions, are not barred by possession and acts of ownership of the grantees of the interest of Napoleon B. Lenox. The contention is that possession and acts of ownership on the part of one tenant in common are not adverse to the rights of a co-tenant. While it is true that possession by one tenant in common is not necessarily adverse to the claims of the other, yet, on the other hand, it is well settled that there may be such assertion of absolute, entire, and exclusive ownership on the part of one tenant in common as to constitute an ouster as to his co-tenant, such as to cause the statute of limitation to commence to run against the latter and in favor of the former. *Casey v. Casey,* 107 Iowa, 192; *Knowles v. Brown,* 69 Iowa, 11; *Laraway v. Larue,* 63 Iowa, 407. Here the evidence shows such exclusive and adverse possession by Gotlieb Blankenhorn and his grantors as to constitute an assertion of absolute and entire ownership, and it also appears that Alfred Lenox, the original tenant in common with Napoleon B. Lenox, had every reason to believe, had he given any attention whatever to the matter, that this assertion of ownership and right of possession was hostile to any interest which he might have claimed in the premises.

It is contended that one who has no title cannot acquire title by adverse possession, and it is argued that, as Gotlieb Blankenhorn and his grantors must have known that they had no title derived from Alfred Lenox, they

2. **ADVERSE possession: claim of right: color of title: proof.**

cannot rely on adverse possession as against him or those claiming under him. But it is not necessary to cite authorities in support of the proposition that one may claim under color of title, though his grantor has no real or apparent title to the premises, and that a conveyance from one in possession is sufficient foundation for a claim of right and a color of title to render possession thereunder adverse, even though the grantor had no title whatever.

Counsel for appellants contend that the instruments showing conveyances from Richard M. Lenox, through various parties, to Gotlieb Blankenhorn, were not introduced in evidence, and that therefore there is no evidence of any such conveyances. But for the purpose of showing claim of right and color of title a conveyance in writing need not be proven. There was parol evidence of the sale by Richard M. Lenox to his grantees, who went into possession, and of the various transfers of possession from one party to another until possession was vested in Gotlieb Blankenhorn, and this was sufficient to give rise to such color of title in him as to support the claim of adverse possession on his part.

The decree of the lower court is AFFIRMED.