## BAKEMEIER ET AL. *v.* BAKEMEIER.

[No. 9,802. Filed April 2, 1919. Rehearing denied June 6, 1919.
Transfer denied January 14, 1920.]

1. TENANCY IN COMMON.—*Possession by Cotenant.*—The possession of land by one tenant in common is constructively the common possession of all, the possession of one being deemed to be for the benefit of himself and his cotenants in common. p. 169.

2. TENANCY IN COMMON.—*Disseizin.*—For one tenant in common to disseize his cotenants there must be an actual ouster or such acts as are equivalent to an ouster and from which an ouster may be presumed. p. 169.

3. TENANCY IN COMMON.—*Disseizin.*—It is not necessary that an ouster by one tenant in common of his cotenants shall be forcible, but it is sufficient that there are such acts upon the part of the tenant in possession as to manifest an intention upon his part to claim the full title to the real estate involved. p. 170.

4. TENANCY IN COMMON.—*Disseizin.*—*Conveyance of Whole Title by Cotenant.*—A deed of conveyance of the whole title to a tract of land by one cotenant thereof, followed by adverse possession, amounts to an ouster or disseizin of the other cotenants. p. 170.

5. TENANCY IN COMMON.—*Ouster With Notice of Adverse Claim.*—*Running of Statute of Limitations.*—When there is an ouster by one claiming title to real estate of his cotenant, with knowledge of such fact brought home to such cotenant, the Statute of Limitations begins to run. p. 170.

6. TENANCY IN COMMON.—*Adverse Possession by Tenant in Common.*—*Right of Cotenants to Partition.*—When a cotenant openly occupies real estate as his own to the exclusion of the others, taking and converting the rents to his own use, and ignoring and failing to recognize the others as having any interest in the land or right to possession or use of the same, such occupancy, continued for a period of the statute of limitation, will confer absolute title in fee simple upon the one so occupying, and will bar an action by one out of possession for partition. p. 170.

7. TENANCY IN COMMON.—*Disseizin.*—*Exchange of Deeds.*—*Adverse Possession.*—Where two cotenants claiming a tract of land exchanged by deed their undivided interest in the respective halves of such tract, and the deeds were duly entered of record and possession taken thereunder, the transaction was an ouster of a third cotenant, and, after adverse possession for twenty-six years, he could not assert any title or interest in the land involved. p. 171.

From Marion Superior Court (98,277); *V. G. Clifford,* Judge.

Action by Charles Bakemeier against Andrew Bakemeier and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*S. Mahlon Unger,* for appellants.
*E. T. Brown,* for appellee.

NICHOLS, J.—The complaint in this case is by the appellee against the appellants to quiet title to real estate located in Marion county, Indiana, and described as the north half of a certain thirty-nine-acre tract off of the north end of the west half of the northwest quarter of section 29, township 16 north, range 5 east; also the east half of a twenty-five-acre tract off of the north end of the east half of the northwest quarter of said section, township and range, containing thirty-two acres.

The appellants answered this complaint by general denial, and filed their cross-complaint for partition of said real estate, alleging that the appellant Andrew H. Bakemeier was at said time the owner of the undivided one-twenty-fourth part in value thereof, and that the appellee was the owner of the remaining undivided twenty-three twenty-fourths in value thereof. The appellee answered this cross-complaint by general denial. The cause was tried by the court and a finding and judgment rendered in favor of the appellee. There was a motion for a new trial by appellants, which was overruled, to which ruling appellants excepted. This ruling is the only assigned error. The appellants complain in their motion that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. A condensed

recital of the evidence consists chiefly of a stipulation or agreement as to the facts by the parties. So far as is necessary to this decision, it is as follows: Charles Bakemeier purchased the real estate described in the complaint and the cross-complaint of Joseph Rumford and wife on September 8, 1851. Said Charles Bakemeier died intestate in 1865 and left surviving him, as his sole heirs at law, his widow, Mary Bakemeier, and four children, to wit, Charles, Sophie, Emma and William. In 1877 said Sophie died intestate, the owner in fee simple of her undivided two-twelfths interest in said real estate, and left surviving her, as her sole heirs at law, her mother, Mary Bakemeier, who thereby became the owner of two-twenty-fourths interest in said real estate, and said Emma, Charles and William, who inherited the other two-twenty-fourths. The widow remarried in 1866 to Charles Henry Bakemeier, to which marriage two children were born; one died in infancy in 1876, and the other, Andrew H. Bakemeier, is the appellant herein. Mary Bakemeier died intestate in 1882, leaving her husband, Charles M. Bakemeier, and her three children, Emma, William and Charles, by her first marriage, and appellant Andrew H. Bakemeier, by her second marriage. Said Henry Bakemeier died intestate in 1905, and left surviving him, as his sole heir at law, appellant Andrew H. Bakemeier; that, on January 11, 1866, Emma, who was married to one Prange, executed a quit-claim deed, her husband joining with her, conveying all of her right, title and interest in and to the whole of said real estate, including the north and south half of the first tract and the east and west half of the second tract, being all the interest descending to said Emma as one of the heirs

at law of Charles Bakemeier, deceased. By some inadvertence, the record fails to name the grantee or grantees. While it is not material to the decision in this case, we assume the grantees to be her brothers, said William and Charles. On March 28, 1889, said William, his wife joining, conveyed to the appellee, the undivided one-half of the real estate described in the complaint and cross-complaint, said real estate so conveyed being the undivided half interest of the north half of the first tract and of the west half of the second tract. The consideration expressed in the deed from William to Charles was $2,000, but that the true consideration was the mutual execution of deeds between the parties of which deeds the foregoing was one, the other being by appellee, his wife joining, to William and conveying the undivided half of the south half of the first above-described tract and the undivided half of the east half of the second above-described tract. Said deeds were duly recorded March 28, 1889, in the recorder's office of Marion county in deed record No. 21, the one on page 517 and the other on page 516. On November 5, 1873, Mary Bakemeier, her husband joining, executed a deed to her children, by her first husband, to wit, Charles, William, Mary, Sophie and Emma, the consideration being $300 and the description being the undivided one-third of the real estate of which her husband died siezed, reserving to herself a life estate in said real estate.

It further appears from a condensed recital of the evidence that the title of the appellee and of the appellants is from a common source, Charles Bakemeier, but that the appellants derived their one-twenty-fourth interest from the share inherited by

their mother, Mary Bakemeier, from her daughter, Sophie, who inherited two-twelfths from her said father; that appellee had the sole possession of the real estate in question from the death of appellee's mother to the day of the trial of this cause; that he rented the same at times and collected the rents, farmed it, ditched and fenced it and paid the taxes becoming due on the land; that he cut some timber, but it is not disclosed whether the timber was used in improvements on the land; that appellant had not demanded partition, or purchase of his interest by appellee until February, 1915, which was the only time appellee and appellant Andrew H. Bakemeier ever talked the matter over with each other. It does not appear that appellant Andrew H. Bakemeier's wife ever had any part in the matter; it appears that appellant Andrew H. Bakemeier and his half sister, Emma Prange, had several talks about the interest of said appellant, but there is no showing that the appellee ever heard of these discussions.

Both the appellants and the appellee in their arguments make reference to other items of evidence, but as such evidence has not been brought into the briefs in conformity to the rules of the court, such evidence so referred to is not in any way considered in this decision.

The possession of one tenant in common is the common possession of all, that is, constructively the possession of all, the possession of one being 1-2. deemed to be for the benefit of himself and his cotenants in common and that to disseize his cotenants there must be an actual ouster or such acts as are equivalent to an ouster, and from which an ouster may be presumed. *Jenkins* v. *Dalton* (1866), 27 Ind.

78; *Manchester* v. *Doddridge* (1852), 3 Ind. 360; *Bowen* v. *Preston* (1874), 48 Ind. 367, 377; *Nicholson* v. *Caress* (1881), 76 Ind. 24; *King* v. *Carmichael* (1893), 136 Ind. 20, 25, 35 N. E. 509, 43 Am.

3. St. 303; *McCrum* v. *McCrum* (1905), 36 Ind. App. 636, 76 N. E. 415. It is not necessary that such ouster shall be forcible, but it is sufficient that there are such acts upon the part of the tenant in possession as to manifest an intention upon his part to claim full title to the real estate involved.

A deed of conveyance of the whole title to a tract of land by one cotenant thereof, followed by adverse possession, amounts to an ouster or disseizin

4. of the other cotenants. *Price* v. *Hall* (1895), 140 Ind. 314, 39 N. E. 941, 49 Am. St. 196; *Steele* v. *Steele* (1906), 220 Ill. 318, 77 N. E. 232; *Blankenhorn* v. *Lenox* (1904), 123 Iowa 67, 98 N. W. 556; *Fuller* v. *Swensberg* (1895), 106 Mich. 305, 64 N. W. 463, 58 Am. St. 481.

When there is an ouster by one claiming title to real estate of his cotenant, with knowledge of such fact brought home to such cotenant, the statute

5. of limitations begins to run. *Ashford* v. *Ashford* (1902), 136 Ala. 631, 34 South. 10, 96 Am. St. 82; *Faubel* v. *McFarland* (1904), 144

6. Cal. 717, 78 Pac. 261; and when a tenant openly occupies real estate as his own to the exclusion of the others, taking and converting the rents to his own use, ignoring and failing to recognize the others as having any interest in the land or right to possession or use of the same, such occupancy, continued for a period of the statute of limitation, will confer absolute title in fee simple upon the one so occupying, and will bar an action by one so out of possession

for partition. *Barnes* v. *Born* (1892), 133 Ind. 169, 30 N. E. 509, 32 N. E. 833.

In view of the foregoing principles of law, we examine the evidence in this case as to its sufficiency to sustain the finding and judgment of the lower court. On March 28, 1889, there was a mutual exchange of deeds between William Bakemeier and Charles Bakemeier, appellee, William conveying to said appellee the undivided half of the north half of the first tract of real estate hereinbefore described, also the undivided half in the west half of the second tract hereinbefore described, and Charles conveying to William in exchange therefor the undivided half of the south half of the first-mentioned tract and the undivided half of the east half of the second tract. We have heretofore assumed that the said Emma Prange conveyed her undivided interest in said real estate to said William and Charles. If the assumption is correct, then, as early as January 11, 1886, these three were claiming the whole title to the real estate involved; but without this assumption, still it remains that William and Charles were claiming ownership to the whole of the real estate involved on March 28, 1889, upon which date they exchanged moieties. As far as appears by the record, these deeds were made without any thought upon the part of the grantor or grantee in each of them that the appellant herein had an interest in said real estate. On the same day, the deeds so executed were duly recorded in the recorder's office of Marion county in the proper records therefor, thereby giving notice to the appellant herein and to the world that they were each claiming the full title to the respective tracts of real estate described in said

deeds.  After this transaction, as appears by the evidence, the appellee had the sole possession of the real estate involved, rented the same and collected the rents therefor, farmed it, ditched and fenced it and paid the taxes becoming due against it, and that he cut some timber from the land.  During this time, it appears that the appellant had a number of times talked about his interest with his half sister, but it does not appear that he ever mentioned to appellee that he claimed any interest in said real estate, until February, 1915, at which time, it seems, that he first demanded partition or the purchase of his interest.  Even though there was no act that amounted to an ouster prior to March 28, 1889, we are of the opinion that the transactions of that date clearly amounted to an ouster, and that after twenty-six years, during which time the appellant had notice of the adverse holding, he cannot be heard to assert any title or interest in the real estate involved.  The evidence fully sustains the finding and judgment of the court.

Judgment is affirmed.