Price *et al. v.* Hall.

We think the case was fairly heard and decided according to the evidence.

The judgment is affirmed.

Filed Jan. 15, 1895.

---

No. 17,165.

PRICE ET AL. *v.* HALL.

REAL ESTATE.—*Adverse Possession.—Tenants in Common.—Rule Stated.*—A conveyance by one cotenant, purporting to include the entire land and estate, where possession and claim of title are taken and continued for the period of limitation, is regarded as constituting an ouster of the other tenants, and as creating a bar to recovery by them. Such possession, however, does not effect an ouster of the other cotenants, unless the possession, asserted as adverse, has been taken and continued with the intent to oust the other tenants.

SAME.—*Adverse Possession.—Intention.—Sufficiency of Reply.*—Where a cross-complaint asserts title in the land in controversy, as tenants in common with the plaintiff, and the plaintiff answers setting up the defense of adverse possession, it is error to sustain a demurrer to a reply setting up the circumstance of the execution of promissory notes by the plaintiff and previously by her grantors to protect, preserve, and continue the interests of the tenants out of actual possession; for such circumstance is sufficient to overcome the *prima facie* case stated in the answer.

From the Clinton Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellants.

*O. E. Brumbaugh* and *J. Combs*, for appellee.

HACKNEY, J.—This action was by the appellee, seeking to quiet the title to the lands in question. The issue in this court is as to the sufficiency of the appellants' reply to appellee's answer to a cross-complaint in which the appellants claimed an undivided one-fifth interest in said lands as tenants in common with the appellee, and

as to the only heirs of Sarah Price, deceased, who held as a daughter and heir of Thomas Ramsey, deceased.

The answer to this cross-complaint was in two paragraphs, each setting up the appellee's ownership by purchase, the continuous and exclusive use and occupancy, under claim and color of title, with the knowledge of the appellants and without claim of title or interest on their part.

The first paragraph alleged the existence of such facts for fifteen years, and the second paragraph for twenty years before the bringing of this suit. The reply to this answer, and which the lower court held bad upon demurrer, admitted the appellee's occupancy, as alleged in the answer, excepting that it was averred that such occupancy was without the knowledge and consent of the appellants. It was further alleged that the appellee and her grantors recognized the rights and interests of the appellants, at the times of the several conveyances under which she and her grantors claim title, by estimating the value of such interests and executing promissory notes in the amount of such value and "for the purpose of protecting and preserving and continuing the cross-complainant's interests and protecting the parties purchasing and holding said real estate, and for the further purpose of protecting the parties giving warranty deeds in the sale and transfer of said real estate."

It is conceded by counsel for the appellee that the possession of one tenant in common is ordinarily the possession of all, and that mere lapse of time under such occupancy does not ripen into title by adverse possession. But it is insisted that a conveyance purporting to include the entire estate, by such occupying tenant in common, and a subsequent occupancy by the grantee for the period of limitation prescribed by statute, in the absence of a recognition of the claim of the tenant out of the actual

occupancy, constitutes an ouster of, and title by adverse possession against, such tenant.

It is a general rule that a conveyance by one cotenant purporting to include the entire land and estate, where possession and claim of title are taken and continued for the period of limitation, is regarded as constituting an ouster of the other tenants, and as creating a bar to recovery by them. *Unger* v. *Mooney*, 63 Cal. 586; *Long* v. *Stapp*, 49 Mo. 506; *Hinkley* v. *Greene*, 52 Ill. 223; *Kinney* v. *Slatery*, 51 Iowa, 353; *Sands* v. *Davis*, 40 Mich. 14; *Higbee* v. *Rice*, 5 Mass. 344; *Hodges* v. *Eddy*, 38 Vt. 327; *Forest* v. *Jackson*, 56 N. H. 357; *Clark* v. *Vaughan*, 3 Conn. 191; *Bogardus* v. *Trinity Church*, 4 Paige (N. Y.), 178; *Foulke* v. *Bond*, 41 N. J. L. 527; *Dikeman* v. *Parrish*, 6 Pa. St. 210; *Caperton* v. *Gregory*, 11 Grat. (Va.) 508; *Covington* v. *Stewart*, 77 N. C. 148; *Gray* v. *Bates*, 3 Strob. (S. C.) 498; 1 Am. and Eng. Encyc. of Law, p. 234, and numerous cases there cited. See also *Nelson* v. *Davis*, 35 Ind. 474; *English* v. *Powell*, 119 Ind. 93, and cases there cited, where the same general rule has been accepted and adopted in Indiana.

Has this general rule an exception and does that exception exist in the case in hand? If such exception exists, it must be found in another general and equally well settled rule, namely: that in the case of cotenants, an ouster is not effected unless the possession, asserted as adverse, has been taken and continued with the intent to oust the other tenants. *Maple* v. *Stevenson*, 122 Ind. 368; *Peter* v. *Stephens*, 11 Mont. 115, s. c. 28 Am. St. Rep. 448, note, p. 451; *Evans* v. *Templeton*, 69 Texas, 375; *Flynn* v. *Lee*, 31 W. Va. 487; *McDonald* v. *Fox*, 20 Nev. 364; *LaFrombois* v. *Jackson*, 8 Cow. 589; *Miller* v. *Myers*, 46 Cal. 535; *Culver* v. *Rhodes*, 87 N. Y. 354; *Newell* v. *Woodruff*, 30 Conn. 492; *Cummings* v. *Wyman*, 10 Mass. 464.

In 1 Am. & Eng. Encyc. of Law, p. 227, it is said: "An adverse possession depends upon the intention with which it was taken and held," citing many cases. In the same work, vol. 17, p. 289, it is again said. "The intention guides the entry and fixes its character." In the same valued work, vol. 1, p. 233, note 2, it is said: "Evidence must make the intention to hold adversely manifest and palpably display such intention. *Marcy* v. *Marcy*, 6 Met. (Mass.) 360; *Prescott* v. *Nevers*, 4 Mason. (U. S.), 326; *Hart* v. *Gregg*, 10 Watts (Pa.), 185; *Culver* v. *Rhodes, supra.*"

The evidence to sustain an ouster by a cotenant must be stronger than that to sustain ordinary adverse possession. *Barret* v. *Coburn*, 3 Met. (Ky.) 510; *Forward* v. *Deetz*, 32 Pa. St. 69; *Bailey* v. *Trommel*, 27 Tex. 328." See, also, *Highstone* v. *Burdette*, 54 Mich. 329.

We have no doubt that under the first of these general rules, in the absence of any facts or circumstances from which a contrary intention might reasonably be inferred, the occupancy and exclusive enjoyment under a deed to the entire land and estate, with the knowledge, actual or constructive, of the tenant out of possession, would, *prima facie*, if continued for the statutory period of limitation, constitute an ouster and adverse possession. The circumstance, therefore, of the execution of promissory notes by the appellee and previously by her grantors for the purposes alleged in the reply, that is to say: to protect, preserve and continue the interests of the tenants out of actual possession, must be held sufficient to overcome the apparent intention arising from the *prima facie* case stated in order to uphold the reply. The reply was not as full and specific as its importance would seem to require, but this was excused by the allegation that the facts were not more fully known to the appellants. As we construe the facts pleaded, they con--

stitute a specific denial of the allegation of the answers that the appellee's occupancy was under claim of title to the whole lands.    It is not our province to suggest what evidence should be required, but we have no doubt that upon the reply the issue is made as to the intended ouster and adverse claim of title by the appellee.

The judgment of the circuit court is reversed, with instructions to overrule the demurrer to said reply.

Filed Feb. 20, 1895.