## GRUBBS *v.* LEYENDECKER ET AL.

[No. 18,570. Filed May 23, 1899. Rehearing denied Oct. 27, 1899.]

TENANCY IN COMMON.—*Adverse Possession.—Limitation of Actions.*— A conveyance by a tenant in common, in possession, purporting to convey the entire estate, gives color of title, and if possession is taken thereunder by the grantee, claiming title to the entire estate, and continued during the period of limitation, it will constitute a bar to the recovery of the premises by the other tenants. *p. 351.*

DOWER.—*When Not Assigned.—Chose in Action.*—A widow's right of dower, without assignment, is a mere chose in action, and does not constitute a life estate in the land. *p. 351.*

SAME.—*When Not Assigned.—Conveyance.*—The right of a widow, under §107 R. S. 1843, to continue with her children in the ,enjoyment of the estate, without having dower assigned, was a personal right which she could not convey to others. *pp. 351, 352.*

TENANCY IN COMMON.—*Adverse Possession.—Limitation of Actions.*— Intestate died in 1849, leaving a widow, two sons and a daughter. The widow, in 1856, without having dower assigned to her, executed a deed to the two sons, purporting to convey to them an undivided one-third interest in the land. The sons took possession of the entire tract of land, under claim of ownership, executed a warranty deed purporting to convey all the estate in the land, and the grantee and his grantees for more than twenty years held the open, exclusive and uninterrupted possession of the lands, paying the taxes and making valuable and lasting improvements. *Held,* that the right of the daughter to assert her interest in the land was barred. *pp. 352, 353.*

DOWER.—*Assignment.—Conveyance.—Limitation of Actions.*—A deed executed by a widow, purporting to convey her right of dower, which had not been assigned, gave to grantee only the right to have dower assigned, and where such right was not exercised for twenty years, it was barred, under §112 R. S. 1843. *p. 353.*

From the Wayne Circuit Court. *Affirmed.*

*Lewis D. Stubbs* and *Abel L. Study,* for appellant.

*John F. Robbins* and *Thomas J. Study,* for appellees.

HADLEY, J.—Appellant as plaintiff below brought this action for the partition of 160 acres of land in Wayne county. No question is made upon the complaint. The answers of appellees, Stanley and Rife, and cross-complaint

of Oxer, disclose the following facts:   Phineas Allen died a resident of Preble county, Ohio, in 1849, seized of the lands in controversy, and left surviving him Franciena Allen his widow, and three children, Charles and Richard Allen, and the appellant.   Forty acres were cleared for cultivation, and the balance of the land was wild.   Franciena was remarried to Beard in 1851, and about the same time appellant was also married to John Grubbs and removed to the state of Illinois, where she has ever since and still resides.   Dower in said lands was never assigned to the widow, Franciena.   In 1856 Franciena and her then husband executed to her sons Charles and Richard Allen a warranty deed, purporting to convey to them an undivided one-third part in fee of said lands. Upon the execution of this deed, Charles and Richard took full and exclusive possession of all of the lands, claiming full ownership thereof, and continued the open and exclusive possession under said claim till 1872; in the meantime they cleared up most of the wild land, cultivated it, appropriated all the products and income to their own use, paid the taxes, and made valuable improvements.   In 1872, while in possession and claiming full and absolute ownership, the said Charles and Richard Allen sold the whole of the lands to Zachariah Stanley for full value, and, their wives joining, executed to Stanley their deed of general warranty purporting to convey to him all estate therein.   Stanley recorded his deed in the recorder's office of Wayne county in February, 1873, and purchased and took possession, without notice or knowledge of appellant's claim.   Said land was conveyed by seven *mesne* conveyances before the commencement of this suit, which conveyances were all made for full value, and to good faith purchasers, and by warranty deeds, purporting to convey the whole estate in the 160 acres of land, and all of which deeds were properly and timely recorded in the recorder's office of Wayne county.   Pending this suit, to wit, on the 24th day of August, 1897, the same was conveyed by like deed to appellee Oxer, who now holds possession and

claims to be the absolute owner of all of the lands. This suit was commenced on the 21st day of August, 1897, and prior thereto appellant had at no time received or demanded any rents or issues from the land, and had not asserted nor made any claim thereto, and had no actual knowledge that the land had been conveyed. Said widow, Franciena, died on the 16th day of August, 1884. Appellant's demurrers to the joint answer of appellees, Oxer, Stanley, and Jacob Rife, to the separate answers of Stanley, and Rife, and to the cross-complaint of Oxer, were severally overruled. These several pleadings set forth the same facts and present the same and only question for consideration upon this appeal.

Under the law in force in 1849, when Phineas Allen died, his widow, Franciena, was entitled to dower in one-third part of all the real estate of which her husband died seized. Relating to the subject of dower, §107, p. 810 R. S. 1843, reads as follows: "But the widow may continue to occupy any lands in which she is entitled to dower with the children, or other heirs of the deceased, or receive one-third part of the rents, issues or profits thereof, so long as the children or heirs do not object thereto, without having her dower assigned; and whenever any heir or heirs shall think proper to hold or occupy their share or shares in severalty, the widow may claim her dower, and shall have the same assigned to her according to law."

The contention of appellant is that she is the owner of an undivided one-third part of the lands in controversy, and that there has been no adverse possession against her, upon the theory that the right to dower in her mother, Franciena, was "a kind of life estate, continuing with the assent of the heirs under the above statute, and that during the existence of this life estate, without assignment, Franciena and her grantees had a right of possession in common with the heirs, and that her possession or the possession of her grantees was not, and could not, be adverse to the heirs, and hence there could be

no holding of the lands adverse to appellant before the death of her mother in 1884.

In the first place appellant is in error in her assertion that one tenant may not oust his cotenant by setting in motion the principle of adverse possession. It is a well established rule in this State that where one tenant in possession executes a conveyance, purporting to convey the entire estate, such conveyance gives color of title, and if possession is taken thereunder by the grantee, claiming title to the entire estate, and continued for the period of limitation, it will constitute a bar to the recovery of the premises by the other tenants. *Price* v. *Hall*, 140 Ind. 314; *King* v. *Carmichael*, 136 Ind. 20; *Barnes* v. *Born*, 133 Ind. 169; *English* v. *Powell*, 119 Ind. 93; *Roots* v. *Beck*, 109 Ind. 472. See, also, *Campau* v. *Dubois*, 39 Mich. 274; *Fuller* v. *Swensberg*, 106 Mich. 305, 64 N. W. 463, 58 Am. St. 481; *Foulke* v. *Bond*, 41 N. J. L. 527; *Parker* v. *Proprietors*, *etc.*, 44 Mass. 91, 37 Am. Dec. 121; *Unger* v. *Mooney*, 63 Cal. 586, 49 Am. Rep. 100; Newell's Ejectment, p. 764; Freeman's Coten. & Par. §224.

In the second place, appellant is in error in her contention[*] that the right of Franciena Allen to dower, without assignment, constituted a life estate in the lands in controversy. The right to have dower assigned, and dower assigned and set apart, are very different matters. The latter does constitute an estate for the life of the dowress. But the right to dower, while it remains unassigned, is not an estate, but a chose in action, a consummate right, merely, not subject to execution nor to the payment of taxes nor to lease. "By the common law, 'the widow can not enter for her dower until it be assigned her, nor can she alien it so as to enable the grantee to sue for it in his own name. She has no estate in the lands until assignment; and after the expiration of her quarantine, the heir may put her out of possession, and drive her to her suit for her dower. * * * It is not until her dower has been duly assigned, that the widow acquires a

vested estate for life which will enable her to sustain her ejectment.' She is not, in consequence of her right of dower, a tenant in common with the heir at law or devisee." *Grimes* v. *Wilson,* 4 Blackf. 331, 334; 4 Kent Com. 61, 62; *Beagles* v. *Sefton,* 7 Ind. 496; *Matlock* v. *Lee,* 9 Ind. 298, 300; *Jackson* v. *O'Donaghy,* 7 Johns. 246; *Croade* v. *Ingraham,* 30 Mass. 33; *Rausch* v. *Moore,* 48 Iowa, 611; *Harper* v. *Clayton,* 84 Md. 346, 35 Atl. 1083, 35 L. R. A. 211; *Lawrence* v. *Miller,* 2 N. Y. 245, 254; *Carnall* v. *Wilson,* 21 Ark. 62; *Hart* v. *Burch,* 130 Ill. 426, 22 N. E. 831, 6 L. R. A. 371; *Heisen* v. *Heisen,* 145 Ill. 658, 34 N. E. 597, 21 L. R. A. 434; Kerr on R. P. §907.

It is not averred in the complaint that the widow occupied the premises with the assent of the heirs, or that she received one-third, or any other part of the rents, yet, assuming that she did either occupy or receive her part of the rents, under the provisions of §107, *supra,* it does not follow that she could assign or convey that right to others. The right of the widow to continue with her children in the enjoyment of the estate without parting it, was a personal right that she could not convey to others. When once she surrendered her right to joint occupancy with her children, neither she nor her grantee could thereafter enter for such occupancy. The only right that remained was to bring an action for the assignment of dower. *Smallwood* v. *Bilderback,* 16 N. J. L. 497; *Carnall* v. *Wilson, supra; Norton* v. *Norton,* 94 Ala. 481, 10 South. 436; *Barnett* v. *Meacham,* 62 Ark. 313, 35 S. W. 533; Kerr R. P. §916.

We have now come to this: Charles and Richard Allen, having since 1856 asserted and sustained open, notorious, exclusive and uninterrupted possession of all the 160 acres of land under claim of ownership, in 1872 executed to Stanley their warranty deed, purporting to convey to him all the estate in said lands. Stanley took possession of the whole under said deed, and he and his grantees, for twenty-five years, held the open, exclusive and uninterrupted possession

thereof, clearing and cultivating and appropriating to their own use all the rents and issues, paying taxes and making lasting and valuable improvements. This was sufficient to bar a recovery by the appellant. Before the interposition of the statute there never was a time after her father's death in 1849 that the appellant did not possess the right to have her share of the land set off to her in an action for partition. The failure of her mother to have dower assigned was no hindrance. *Ward* v. *Gardner*, 112 Mass. 42. She might herself have asked that dower be assigned to her mother under §108, p. 810 R. S. 1843, after one year's delay by her mother; and, her mother failing to act, appellant had the right to have one-third part of the land set off to her, subject to the widow's dower. The appellant's right of action accrued many years before 1872, when her brothers, for reasons of their own, strangely and unnaturally repudiated her right by the overt act of conveyance of the whole estate as against her to a stranger. This conveyance was a public challenge of the integrity of her claim of every character in the lands that had accrued, and she was bound to assert whatever she had within the period of twenty years, or be barred.

Another view with respect to the widow's right of dower leads us to the same conclusion. When the widow conveyed her right of dower to her sons in 1856, her grantees took only the right to have dower assigned, not the right to leave the dower in abeyance with the estate, and the right to have it assigned not having been exercised by the sons or their grantee within twenty years after the right accrued, it was barred under §112 R. S. 1843, p. 811.

The court committed no error in overruling each of said demurrers.

Judgment affirmed.