## Geisendorff, Administrator, *v.* Cobbs et al.

[No. 6,877. Filed February 24, 1911. Rehearing denied May 10, 1911.]

1. Appeal.—*Briefs.—Good-Faith Effort to Comply with Rules.*—Where appellant makes a good-faith effort to comply with the Appellate Court rules in preparing his brief, his alleged errors will be considered. p. 577.

2. Appeal.—*Briefs.—Evidence.—Supply in Omissions of, by Appellees.*—Where appellees in their brief supply the evidence omitted from appellant's brief, the Appellate Court will consider the evidence. p. 577.

3. Appeal.—*Transcript.—Precipe.—Bills of Exceptions.*—A precipe calling for a transcript "including the original bill of exceptions containing the evidence" sufficiently authorizes the clerk to include such original bill in the transcript. p. 577.

4. Trial.—*Special Findings.—Withdrawal of Request for.—Effect.*—Where a request for special findings is withdrawn before a decision is announced the decision will be considered only as a general finding. p. 577.

5. Tenancy in Common.—*Possession.—Rent.*—The possession of one tenant in common is the possession of all; and the tenant in possession, unless he excludes his cotenant, is not liable for the payment of rent, but if he receives rent from a third person he is required to account therefor. p. 579.

6. Limitation of Actions.—*Rents.*—Ordinary actions for rent or for the use or occupancy of real estate are barred by the six-year statute of limitations. p. 579.

7. Tenancy in Common.—*Taxes.—Rents.—Improvements.—Partition.—Limitation of Actions.*—Where a tenant in common in possession in a suit for partition makes a claim for improvements made and taxes paid, he is liable to account for rents received, regardless of the six-year statute of limitations. p. 580.

8. Tenancy in Common.—*Rents.—Adverse Possession.—Answer.—Harmless Error.—Appeal.*—In an action by the personal representative of a tenant in common against decedent's cotenants for rents received, overruling a demurrer to an answer of adverse possession, is not erroneous, such answer amounting to an argumentative denial, the plaintiff in order to recover being required to prove tenancy in common. p. 580.

9. Tenancy in Common.—*Estoppel by Conduct.—Answer.*—In an action by the personal representative of a tenant in common against his decedent's cotenants for rents received an answer

alleging that decedent knew of defendants' possession, collection of rents, improvements, and also of sales of parts of the real estate by former owners, that she remained silent and failed to demand rent or possession, or to object in any manner, is bad, since it fails to show that such silence induced defendants to prejudice their interests, or to show that the defendants were not cognizant of all the facts relating to decedent's rights.  p. 581.

10.  TENANCY IN COMMON.—*Improvements.* — *Partition.* — Where tenants in common, without authorization from their cotenant out of possession, place valuable improvements upon the common property they cannot recover therefor, their sole remedy being an application to have such improvements set over to them in partition, or to have their value given in case the property shall be incapable of division.  p. 582.

11.  TENANCY IN COMMON.—*Rents.* — *Improvements.* — *Answer.*— In an action by the personal representative of a tenant in common against his decedent's cotenants for rents received an answer asking that the value of permanent improvements made by them be set off against any sum due for rents, is bad, since the action is not for partition.  p. 583.

12.  TENANCY IN COMMON.—*Rents.*—*Taxes.*—*Limitation of Actions.* —In an action by the personal representative of a tenant in common against his decedent's cotenants for rents received, a counterclaim for taxes paid being pleaded, a reply of the six-year statute of limitations should be sustained.  p. 583.

13.  TENANCY IN COMMON.—*Accounting.*—*Equity.*—*Rents.*—*Taxes.* —A suit by a tenant in common against his cotenant for an accounting of all rents is of equitable cognizance, notwithstanding a counterclaim for taxes and permanent improvements is pleaded. p. 583.

14.  ESTATES.—*Bankruptcy.*—*Wife's Inchoate Rights.*—*Assignment of.*—Prior to the taking effect of §3052 Burns 1908, §2508 R. S. 1881, the full title to real estate sold and conveyed at judicial sale vested in the purchaser, subject only to the inchoate right of the wife to one-third thereof if she survived the husband, which right of the wife was not transferable to a person who did not own the legal title to the property.  p. 583.

15.  TRIAL.—*Objections to Admission of Evidence.*—*Requirements.* —*Specificness.*—*Appeal.*—An objection that the offered evidence was incompetent is not sufficiently specific to raise any question on appeal.  p. 584.

16.  TENANCY IN COMMON.—*Rents —Evidence.*—*Declarations of Owners.*—*Adverse .Possession.*—*Witnesses.*—*Competency.*—In an action by the personal representative of a tenant in common against his decedent's cotenants for rents received, one defense being that defendants were the owners by adverse possession, de-

cedent's daughter is a competent witness as to declarations relative to possession and title, made by defendants' grantor in possession during the prescriptive period, when such declarations are not in conflict with the record title.   p. 584.

17.   TENANCY IN COMMON.—*Complete Record Title by one Tenant.*—*Adverse Possession.*—Where one tenant in common obtains title by a deed purporting to convey the whole title, and takes and holds possession of the entire estate, such possession, in the absence of evidence to the contrary, is presumed to be adverse; and the statute of limitations will be held to run in his favor. p. 585.

18.   ADVERSE POSSESSION.—*Intention.*—Whether possession of a tenant in common under a deed purporting to be of the whole title is adverse is a question of his intention.   p. 585.

19.   TENANCY IN COMMON.—*Ouster.*—*Evidence.*—The question of ouster is one of fact; and stronger evidence is required to show ouster of a cotenant by his tenant in common than to show adverse possession.   p. 585.

20.   TENANCY IN COMMON.—*Ouster.*—*Adverse Possession.*—*Evidence.*—Where evidence of adverse possession is relied upon by cotenants to show an ouster of a tenant in common out of possession, actual notice thereof must be shown, or such facts as will raise a presumption of notice of the adverse character of the possession.   p. 585.

21.   WITNESSES.—*Agents of Decedents.*—An agent employed to obtain a deed from a husband and wife, both of whom subsequently died, is not a competent witness as to matters learned from such decedents, on behalf of those claiming by virtue of the conveyances secured by him, as against the representatives of the wife (§523 Burns 1908, §500 R. S. 1881).   p. 586.

From Lagrange Circuit Court; *James S. Dodge,* Judge.

Action by Lee H. Geisendorff, as administrator of the estate of Lydia T. Geisendorff, deceased, against Henry G. Cobbs and others.   From a judgment for defendants, plaintiff appeals.   *Reversed.*

*Henry W. Bullock,* for appellant.

*Walter Olds* and *William A. Campbell,* for appellees.

FELT, J.—This suit was begun on May 8, 1905, in the Noble Circuit Court, by Lydia T. Geisendorff, against appellees, for partition and for the collection of rents and profits of real estate.   While the suit was pending, said

Lydia T. Geisendorff died, and Lee H. Geisendorff was appointed administrator of her estate and substituted as plaintiff. On September 17, 1906, he filed an amended complaint, alleging that during the lifetime of decedent, she and appellees were tenants in common of certain described real estate, and that there is due to decedent's estate, for rents and profits of her portion of said real estate, the sum of $3,000.

Answers in five paragraphs were filed by appellees Henry G. and Mary C. Cobbs, and Henry G. and Charles C. Cobbs each filed a separate paragraph of counterclaim. Charles C. and Clara Cobbs filed answers the same as Henry G. and Mary C. Cobbs.

Demurrers were filed to each of the special answers for insufficiency of facts, and they were overruled.

Appellant replied the six-year statute of limitations to the counterclaims of Henry G. and Charles C. Cobbs. To these replies, demurrers were filed for insufficiency of facts, and sustained. Appellant filed general denials to each of the affirmative answers.

Upon a trial by the court without a jury, the judgment was for appellees, and from that judgment this appeal is taken.

Appellant has assigned as error the overruling of his separate demurrers to paragraphs two, three, four and five of the answer of Henry G. and Mary C. Cobbs, the overruling of the demurrers to the same answers by appellees Charles C. and Clara Cobbs, the overruling of his demurrers to the counterclaims of Henry G. and Charles C. Cobbs, the sustaining of the separate demurrers of each of the appellees Henry G. and Charles C. Cobbs to his reply to the counterclaims of said appellees, error of the court in making a special finding of facts after his request therefor had been withdrawn, and error of the court in overruling his motion for a new trial.

Appellees contend that appellant's brief does not comply with the rules of this court and that no question is presented for decision. The brief is not prepared in strict accordance with the rules, but a good-faith effort to comply with the rules is shown, and in such case the errors presented will be considered. *Lowe* v. *Dallas* (1905), 165 Ind. 392; *Howard* v. *Adkins* (1906), 167 Ind. 184; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Swing* v. *Hill* (1905), 165 Ind. 411.

Appellees have set out in their brief a summary of all the evidence, and under the decisions this supplies any omissions of appellant in that respect. *Roberts* v. *Fort Wayne Gas Co.* (1907), 40 Ind. App. 528; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *Tipton Light, etc., Co.* v. *Dean* (1905), 164 Ind. 533.

Objections were also made to the precipe filed by appellant's attorney, claiming that it did not authorize the clerk to incorporate into the transcript the original bill of exceptions containing the evidence. The precipe called for a transcript "including the original bill of exceptions containing the evidence," and is sufficient. §667 Burns 1908, Acts 1903 p. 338, §7; *Workman* v. *State, ex rel.* (1905), 165 Ind. 42.

The transcript shows that appellant's counsel filed a request in writing for a special finding of facts, and that before any decision was announced the request was withdrawn, and the judge thereafter made and filed a special finding of facts and stated his conclusion of law thereon.

Appellant had the right to withdraw his request for a finding of facts, and the action of the court thereafter in making such finding was not in compliance with the statute, and, under the decisions, will be considered only as a general finding. *Northcutt* v. *Buckles* (1878), 60 Ind. 577,

579; *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 480; *Nelson* v. *Cottingham* (1899), 152 Ind. 135.

The second paragraph of answer sets up the six-year statute of limitations. The third paragraph denies that appellees were tenants in common with appellant's decedent in the real estate described in the complaint within six years next before the commencement of the action, and avers that the cause of action sued upon in the amended complaint did not accrue within six years next before the beginning of this action. The fourth paragraph of answer alleges, in substance, that appellees and said decedent were not tenants in common; that appellees, under a claim of title, have been in open, notorious, exclusive, uninterrupted and continuous possession of the real estate described in the complaint for twenty years immediately before the commencement of the suit.

The fifth paragraph of answer alleges adverse possession of the premises, under a claim of title, from 1882 to the commencement of the action; that under claim of ownership the rents were received and converted to appellees' use; that said Lydia T. Geisendorff had full knowledge of the possession and use of the premises, the collection and appropriation of the rents by appellees, their claim of ownership of the real estate and that parts thereof had been from time to time sold; that she knew appellees had made and were making valuable improvements thereon from year to year; that she at no time claimed or demanded said rents and profits or any portion thereof, and appellant is therefore estopped.

In his paragraph of counterclaim Henry G. Cobbs alleges that George W. Geisendorff, the husband of said decedent, was adjudged a bankrupt in 1872; that the real estate in question was sold by his assignee in bankruptcy; that appellees hold title by mesne conveyances from said assignee; that said George W. Geisendorff died in 1882, and at that time the real estate was wholly unim-

proved and had no rental value; that since 1882 the owners of said real estate have improved it, at great expense, and paid the taxes thereon in the sum of $1,000; that in case any rents be found due, the value of the improvements so made and the taxes paid should be set off against the amount, if any, found due to appellant.

Numerous questions are discussed by appellant, many of which need not be specifically mentioned here, but are necessarily determined by certain propositions of law which we deem applicable to the facts and issues of the case.

Under a strict application of the rules, we might refuse to consider questions arising on the pleadings, but in view of our conclusions on other questions presented, necessitating a reversal of the judgment, we deem it best for all the parties that we decide the questions arising upon the pleadings.

The original suit was for partition and an accounting for rents and profits, but the amended complaint seeks only to recover rents and profits collected from third parties, and alleges that appellant's decedent and appellees were tenants in common of certain real estate; that appellees collected all the rents and appropriated them to their own use, and upon demand refused to pay them, or any part thereof, to appellant or to said decedent.

The possession of one tenant in common is the possession of all, and the tenant in possession is not required to pay rent unless he excludes his cotenant, but if he receives rent from a third person he must account for it. *Ryason* v. *Dunten* (1905), 164 Ind. 85; *Davis* v. *Hutton* (1891), 127 Ind. 481; *Schissel* v. *Dixon* (1891), 129 Ind. 139, 152; §290 Burns 1908, §288 R. S. 1881; *Carver* v. *Fennimore* (1888), 116 Ind. 236; *McCrum* v. *McCrum* (1905), 36 Ind. App. 636.

By the statutes of this State, ordinary actions for the collection of rents and profits, and for the use, and occupancy of real estate are barred by the six-year

statute of limitations.  §§294, 1104 Burns 1908, §§292, 1058 R. S. 1881; *Cowan* v. *Henika* (1897), 19 Ind. App. 40.

In suits for partition it is held that where one cotenant in possession presents a claim for improvements and for taxes paid, he may be required to account for rents

7. received from the real estate, and that in such case the six-year statute of limitations does not apply. *Peden* v. *Cavins* (1893), 134 Ind. 494, 500, 39 Am. St. 276; *Hyatt* v. *Cochran* (1882), 85 Ind. 231, 233; 17 Am. and Eng. Ency. Law (2d ed.) 696; *Ballou* v. *Ballou* (1897), 94 Va. 350, 26 S. E. 840, 64 Am. St. 733; *Van Ormer* v. *Harley* (1897), 102 Iowa 150, 71 N. W. 241; *Fenton* v. *Miller* (1898), 116 Mich. 45, 74 N. W. 384, 72 Am. St. 502.

But this is an independent action for the collection of rents and profits, and the six-year statute of limitations is applicable.  *Cowan* v. *Henika, supra; Starke* v. *Kirchgraber* (1908), 134 Mo. App. 211, 113 S. W. 1149.  In the case of *Peden* v. *Cavins* (1893), 134 Ind. 494, 500, 39 Am. St. 276, it was held that an independent action to recover rents presents a different question from a suit for partition, where, under an equitable rule, rents are taken into account in determining the amount a tenant in possession should pay for improvements.  The court did not err in overruling the demurrer to the second and third paragraphs of answer.

The fourth paragraph of answer sets up title by adverse possession for twenty years.  Appellant could not recover without proving that the parties were tenants in

8. common.  Under the general denial, appellees could prove any facts that tended to disprove cotenancy. As an answer to the complaint, the fourth paragraph amounts only to an argumentative denial, and the overruling of the demurrer thereto is not available error.  *Todd* v. *Badger* (1893), 134 Ind. 204; *State, ex rel.,* v. *Osborn* (1896), 143 Ind. 671; *Kepler* v. *Jessup* (1894), 11 Ind.

App. 241; *Goode* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251.

The fifth paragraph of answer is in the nature of an estoppel. There are general averments of knowledge on the part of appellant's decedent of appellees' possession, collection of rents, improvements and sales of parts of the real estate by former owners, and of her silence and failure to demand rent or possession, or to object in any way to the conduct of appellees and their grantors in regard to said real estate. There is no averment showing or tending to show that her conduct or silence induced appellees to do anything they would not otherwise have done. The averments do not show that she was in position or relation to the parties which required her to speak. There must be both an occasion and a duty to speak before one will be estopped for failure so to do. The party setting up the estoppel must show himself destitute of knowledge or of convenient and available means of acquiring such knowledge. If both have the same means of ascertaining the truth, there can be no estoppel. Where one is ignorant of his own rights, his silence will not work an estoppel, and this rule has been applied where one fails to assert title to real estate. Appellees rely upon a prescriptive title as to one-third of the property. They had equal access with decedent to the public records. They do not show that she either knew her rights, or in any way misled them. The answer does not meet the requirements of an estoppel by conduct, and the demurrer should have been sustained. 11 Am. and Eng. Ency. Law (2d ed.) 428-436; *Buck* v. *Milford* (1883), 90 Ind. 291, 293; *Roach* v. *Clark* (1902), 28 Ind. App. 250; *Kiefer* v. *Klinsick* (1896), 144 Ind. 46; *Cleveland, etc., R. Co.* v. *Moline Plow Co.* (1895), 13 Ind. App. 225, 237; *Wolfe* v. *Town of Sullivan* (1893), 133 Ind. 331.

The sixth paragraph, or counterclaim, sets up a claim for permanent improvements and for taxes paid. This

raises the question, Can a claim for permanent improvements, made by a cotenant in possession, without the consent of the cotenant out of possession, be set off against a claim for rents received from third persons from the common estate?

Freeman, Cotenancy §509, states: "The law declines to compel one cotenant to pay for improvements made without his authorization; but it will not, if it can avoid so inequitable a result, enable a cotenant to take advantage of the improvements for which he has contributed nothing. When the common lands come to be divided, an opportunity is afforded to give the cotenant who has enhanced the value of a parcel of the premises the fruits of his expenditures and industry, by allotting to him the parcel so enhanced."

In the case of *Alleman* v. *Hawley* (1889), 117 Ind. 532, the court held that in a partition suit where the property was not divided, upon sale the equitable principles would be applied in distributing the funds. The court (page 538) said: "The appellant's right to compensation for her improvements is not a legal right, depending upon a statute, but it is a right resting upon equitable principles, and one which a court of equity will enforce."

It is fully established by the weight of authority that the claim for permanent improvements, made by a cotenant in possession without authorization by other tenants in common out of possession, can be enforced only when the land is to be parted or sold and the proceeds distributed according to the respective interests of the several cotenants. *Parish* v. *Camplin* (1894), 139 Ind. 1, 16; *Carver* v. *Fennimore* (1888), 116 Ind. 236; *Harry* v. *Harry* (1891), 127 Ind. 91, 94; *Elrod* v. *Keller* (1883), 89 Ind. 382; *Dodge* v. *Davis* (1892), 85 Iowa 77, 52 N. W. 2; *Ballou* v. *Ballou, supra;* Freeman, Cotenancy §262; *Fenton* v. *Miller, supra; Van Ormer* v. *Harley, supra.*

This being an independent action for the collection of rents, and not a suit for partition and accounting for rents and profits, the averments as to permanent improvements contained in the counterclaim do not aid the pleading, and this leaves to be considered only the averments as to the taxes paid by the tenants in possession.

In this state of the issues, the reply to the counterclaim, setting up the six-year statute of limitations, was good, and the demurrer thereto should have been overruled.

Had appellant set up in his reply facts entitling him to an accounting of all the rents and profits as against the counterclaim for taxes and permanent improvements, the whole suit might have been drawn into equity, and presented a case quite different from the one made by the pleading before us. *Peden* v. *Cavins, supra; Fenton* v. *Miller, supra; Van Ormer* v. *Harley, supra; Leake* v. *Hayes* (1895), 13 Wash. 213, 43 Pac. 48, 52 Am. St. 34.

The overruling of the motion for a new trial brings before us the alleged error of the court in excluding certain testimony offered on behalf of appellant.

Preliminary to the decision of these questions, it may be stated that an agreement of the parties shows that the husband of appellant's decedent conveyed his property to an assignee in bankruptcy in 1872, and thereafter died in 1882; that John W. Teal, in 1885, was, by mesne conveyances from said assignee, the owner and in possession of part of the real estate described in the complaint, and claimed by appellees by mesne conveyances from said Teal.

Prior to the taking effect in 1875 of §3052 Burns 1908, §2508 R. S. 1881, the whole title to a debtor's real estate, sold at judicial sale, vested in the purchaser, subject only to the inchoate right of the wife

to one-third thereof, which in the event she survived her husband vested in her and devested the title of the purchaser to that extent. *Taylor* v. *Stockwell* (1879), 66 Ind. 505; *Elliott* v. *Cale* (1888), 113 Ind. 383. Such interest of the wife was not assignable or transferable to a stranger. Her right could not be conveyed to a person who did not hold the title other than her interest. *Snoddy* v. *Leavitt* (1886), 105 Ind. 357, 361; *Rupe* v. *Hadley* (1888), 113 Ind. 416, 421; *McCormick* v. *Hunter* (1875), 50 Ind. 186, 189; *Huffman* v. *Copeland* (1894), 139 Ind. 221.

Anna Smurr, a daughter of appellant's decedent, was questioned about a conversation between her mother, said Lydia T. Geisendorff, and said Teal in 1885, concerning his title and right of possession of said land. She was asked to state what that conversation was. To this an objection was interposed that the testimony was incompetent. The objection was not sufficient to raise any question, but, waiving this point, we hold that the exclusion of the testimony was harmful error. A similar question arose with other witnesses and the ruling was the same, and the error, if any, necessarily the same in each case. The witness was called by the administrator and no objection made, nor do we think any could have been successfully made, as to her competency as a witness.

It has frequently been held that declarations of a party in possession of real estate, showing the character of his possession and the title asserted by him, are competent evidence against those claiming under him, with the exception that such declarations cannot be admitted either to sustain or defeat the record title. *Smith* v. *McClain* (1896), 146 Ind. 77; *Steeple* v. *Downing* (1878), 60 Ind. 478, 503; 12 Ency. Ev. 569; *White* v. *Dinkins* (1856), 19 Ga. 285; *Quick* v. *Cotman* (1904), 124 Iowa 102, 99 N. W. 301; 9 Am. and Eng. Ency. Law (2d ed.) 39; 1 Am. and Eng. Ency. Law (2d ed.) 797, 798; *Liggett* v. *Morgan* (1888), 98 Mo. 39, 11 S. W. 241.

Geisendorff *v.* Cobbs—47 Ind. App. 573.

Appellees relied upon a prescriptive title as to the one-third part of the real estate claimed by appellant's decedent. Where one tenant in common obtains title by deed purporting to convey the whole estate, and takes and holds possession of the entire estate, such possession is held 17. to be adverse, and the statute of limitations will begin to run against the cotenant out of possession, unless there is evidence proving that such possession was not intended to be adverse and exclusive. *Price* v. *Hall* (1895), 140 Ind. 314, 49 Am. St. 196; *King* v. *Carmichael* (1893), 136 Ind. 20, 24; *Foulke* v. *Bond* (1879), 41 N. J. L. 527; *English* v. *Powell* (1889), 119 Ind. 93-95; *Silver Creek Cement Corp.* v. *Union Lime, etc., Co.* (1894), 138 Ind. 297; 1 Am. and Eng. Ency. Law (2d ed.) 789, 795, 796, 801-804.

Whether such possession is adverse or otherwise, depends upon the intention with which it is taken and held. 18. *Maple* v. *Stevenson* (1890), 122 Ind. 368; *Price* v. *Hall, supra;* 1 Am. and Eng. Ency. Law (2d ed.) 789-804; *McCray* v. *Humes* (1888), 116 Ind. 103, 109.

The question of ouster is one of fact, and evidence to sustain an ouster of one cotenant by another must be 19. stronger than that to sustain ordinary adverse possession. *Price* v. *Hall, supra;* 1 Am. and Eng. Ency. Law (2d ed.) 806; *King* v. *Carmichael, supra.*

Where adverse possession is relied upon in order to operate as an ouster, a tenant out of possession must have actual notice of the adverse holding, or the hostile 20. character of the possession must be so manifest, open and notorious that notice on his part will be presumed. *Blake* v. *Minkner* (1894), 136 Ind. 418; 1 Am. and Eng. Ency. Law (2d ed.) 805, 806 and authorities cited in note 1.

The testimony offered could not tend to sustain or defeat the record title, but was important on the question of con-

tinuous and uninterrupted possession under the claim of title asserted by appellees.

There was some proof offered by the deposition of Isaac E. Knisely, who had acted as assignee in bankruptcy of the husband of appellant's decedent, tending to show that after the assignee's sale he procured a deed from the Geisendorffs to some one, not definitely stated nor known, but asserted not to have been to him as assignee for the real estate in question, which deed was lost, not of record, and not shown to have been delivered to the grantee named in the instrument. Objections were made both to the competency of the witness and to the testimony.

The witness claimed to have negotiated for and procured the deed for some person or persons, but was uncertain as to the identity of such persons. He was the active and efficient agent for the persons obtaining the deed, and his duties as assignee in bankruptcy were in no way involved. He was called by appellees to testify against the legal representative of the decedent about matters occurring in her lifetime. Our statute (§523 Burns 1908, §500 R. S. 1881) provides as follows: ''No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of the decedent, unless he shall be called by such heirs or legal representatives.''

Appellees were the remote grantees and privies of the persons for whom the alleged deed was procured, else it could have no probative value whatever. The objection to the competency of the witness should have been sustained. *Millikan* v. *Patterson* (1883), 91 Ind. 515; *Jonas* v. *Hirshberg* (1907), 40 Ind. App. 88; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281.

Our conclusion as to the competency of the witness makes it unnecessary for us to consider the objections urged to numerous parts of his testimony.

Other errors discussed are not likely to arise upon another trial. What we have already said on the questions decided is sufficient to determine the law of the case.

The judgment is reversed, with directions to the lower court to sustain the motion for a new trial, to permit the parties to amend their pleadings if they desire so to do, and for further proceedings in accordance with this opinion.