## MATHEWS v. BAKER et al.

No. 2802.   Decided Feb. 8, 1916.   (155 Pac. 427.)

1. TENANCY IN COMMON—ADVERSE POSSESSION—EXCLUSIVE ACTS.
In plaintiff's action to quiet title to real estate claimed by adverse possession against her cotenants, it appeared that plaintiff had been in continuous, open, and adverse possession against defendants' claims for over twenty years, during which time she had paid all taxes and assessments, had continuously occupied the premises and made valuable improvements, and defendants had knowledge of plaintiff's possession and claim of ownership during the whole of such time. *Held*, that plaintiff had acquired title to the property by adverse possession as against such cotenants.   (Page 534.)

2. TENANCY IN COMMON—ADVERSE POSSESSION—NOTICE BY CONDUCT —SUFFICIENCY.   In order for one to acquire title by adverse possession against his cotenants, it is not necessary that he give actual notice of his claim to his cotenants, it being sufficient to show by the most open and notorious acts that he intends his possession as exclusive of his cotenants' rights, clearly bringing the adverse character of his possession home to the cotenants.   (Page 534.)

Appeal from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Abigal L. Mathews against James S. Baker and others to quiet title.

Judgment for plaintiff.  Defendants appeal.

AFFIRMED.

*Richards, Hart & Van Dam* and *F. K. Nebeker* for appellants.

*W. R. Hutchinson,* for respondent.

FRICK, J.

On March 16, 1907, the plaintiff commenced this action in equity against the defendants, twenty-three in number, to

quiet the title to a certain lot in Salt Lake City which was particularly described in her complaint. The plaintiff claimed title to the lot in question by adverse possession under our statute. The defendants filed answers to the complaint in which they claimed title to the lot as tenants in common of the plaintiff. A trial to the court resulted in findings of fact, conclusions of law, and judgment in favor of the plaintiff. Defendants appeal.

Upon the issue of adverse possession the court found as follows:

"That the plaintiff, Abigal L. Mathews, has been in the continuous, open, public, and adverse possession of the above-described real estate and has paid all the taxes and assessments levied against said property continuously since 1886 under claim of title; and that she has used and occupied said premises continuously since 1889 and made valuable improvements thereon of the approximate value of $12,000, consisting of a five-room cottage of the value of $3,000, one eight-room cottage of the value of $5,000, one seven-room house of the value of $3,000; and that she has expended the sum of $1,000 in leveling the surface of said ground; that she built walks, planted shrubbery, constructed outbuildings for the convenient use of the occupants of said premises; and that during said period of time when she made all of said improvements and expended said money and labor she was occupying, holding, and using said premises openly, continuously, publicly, and adversely against all persons whomsoever and against the claims of all the defendants herein named their heirs, assigns, and legal representatives. * * * The court further finds that the plaintiff's occupancy and possession of said premises was adverse and hostile and under claim of right to title, and not as a tenant in common with said defendants and their predecessors in interest. * * * The court further finds that the defendants had either personal or constructive knowledge at all times since plaintiff's possession of said real estate of her claim of ownership and title in and to said described premises, and that said claim and ownership on the part of plaintiff was not as a cotenant with the defendants or a tenant in common as heirs at law of said Simon Baker, but was

a claim of ownership in her own right independent of the rights and claims of the defendants herein.''

The appellants in their brief state the question presented for decision thus:

''The respondent claims title to the entire property by adverse possession, and appellants claim their respective, undivided shares in and to said lot as heirs at law of Simon Baker, deceased. The court found in favor of plaintiff, and the principal question raised by the assignment of errors is whether under all the circumstances of this case, adverse possession should be held to run in favor of one cotenant, the plaintiff, against the other cotenants, the defendants.''

The facts found by the court that the plaintiff was in the exclusive possession of said property for the number of years stated in the findings, and that she made the improvements and paid the taxes thereon and used the premises as her own are not disputed, at least not seriously. The **1, 2** controversy arises, however, with regard to the legal effect that should be given to the possession and use of the premises and the improvements made thereon in view that the plaintiff and all of the defendants are the heirs of a common ancestor, one Simon Baker, deceased. In other words, the question to be determined is: Under what circumstances may a tenant in common claim title by adverse possession as against his cotenant. While it is true that counsel for plaintiff insists that she has title to the property in question in a capacity other than that of a cotenant of the other claimants, yet, in our judgment, the whole matter may be disposed of by placing the decision upon the ground suggested by defendants' counsel. While plaintiff's counsel has referred us to a large number of cases where it is held that under the facts there in issue one tenant in common had acquired title to the real estate there in question against his cotenant by adverse possession, defendants' counsel, with equal diligence, have found and cited a large array of cases in which it was held that under the facts there found one tenant in common did not acquire title by adverse possession as against his cotenant. We need not review those cases, however, nor even cite them, for the reason that we have here-

tofore fully considered the law pertaining to the right of one tenant in common to acquire title by adverse possession as against his cotenant. In *McCready* v. *Fredericksen,* 41 Utah, 388, 126 Pac. 316, after quoting from a number of authorities, we approved and adopted the law as the same is stated upon this subject by Mr. Justice Taft in the case of *Elder* v. *McClaskey,* 70 Fed. 542, 17 C. C. A. 264, in the following words:

"Where one enters avowedly as tenant in common with others, his possession is the possession of those others, so long as the tenancy in common is not openly disavowed. Before adverse possession by one tenant in common against another can begin, the one in possession must, by acts of the most open and notorious character, clearly show to the world, and to all having occasion to observe the condition and occupancy of the property, that his possession is intended to exclude, and does exclude, the rights of his cotenant. It is not necessary for him to give actual notice of this ouster or disseising of his cotenant to him. He must, in the language of the authorities, 'bring it home' to his cotenant. But he may do this by conduct, the implication of which cannot escape the notice of the world about him, or of any one, though not a resident in the neighborhood, who has an interest in the property, and exercises that degree of attention in respect to what is his, that the law presumes in every owner."

In their search for cases, counsel for both sides had overlooked our prior decision that we have just referred to. When their attention was called to it, however, at the hearing, they conceded that the rule adopted was in accord with the great weight of authority. While we, in the McCready Case, held that the facts there did not authorize a finding of adverse possession, yet we think the facts in the case at bar bring it squarely within the rule above quoted. Every act of the plaintiff in improving and using the property in question could be given but one construction or effect. From those acts and the use made of the property but one inference is permissible, and that is that the plaintiff claimed and used the property as her own and did so adversely to all the world. If her acts and conduct are not given such an interpretation, then acts and conduct of that character can be given no force or effect in any case. In our judgment plaintiff's acts and conduct speak for her quite as plainly, as unequivocally, and as forcibly as words could have done. If she had

proclaimed from the housetops that she claimed the property as her own, it would have had no greater legal effect than did her acts in improving and using it in the manner found by the court. If, under the facts of this case, a tenant in common may not acquire title by adverse possession as against his cotenant, then no title can be acquired where such a relation exists except where there is an actual or physical ouster; that is, "a turning out by the shoulders," as Lord Mansfield expressed it. Such is not the law, as is made clear from the excerpt quoted from Mr. Justice Taft's opinion to which we have referred.

Without going into further detail, we are clearly of the opinion that the findings of the court are amply sustained by the evidence, and that the conclusions of law and judgment are clearly right.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.