## KEYSER *v.* BROWN ET AL.

[No. 11,350. Filed March 13, 1921. Rehearing denied June 26, 1923. Transfer denied November 20, 1923.]

1. TENANCY IN COMMON.—*Action to quiet Title.—Adverse Possession.—Possession by Cotenant.—Constructive Knowledge.—Statute of Limitation.*—Constructive knowledge of adverse possession by cotenant is sufficient to put the statute of limitations in operation, and in an action to quiet title, brought by one claiming to be a cotenant with the defendants, it is not necessary to prove that he had actual knowledge that his cotenants were claiming adversely to him. pp. 507, 508.

2. TENANCY IN COMMON.—*Deed from Cotenant.—Rights Invested.—Presumption.*—Where a deed to the whole estate was obtained from one of two or more cotenants, and the grantee took possession of the same in pursuance thereof, it will be presumed, the contrary not appearing, that, in so doing, he asserted all the rights which his grantor had assumed the authority to invest in him. p. 508.

3. TENANCY IN COMMON.—*Deed from Cotenant.—Record of Deed.—Constructive Knowledge.*—A deed executed by one of two or more cotenants which is placed of record constitutes constructive notice to the grantor's cotenant of the grantee's intention to claim title to the whole of the real estate. p. 508.

4. ADVERSE POSSESSION.—*Continuous Possession.—Devisor and Devisee.*—Such privity exists between the devisor and devisee that the adverse possession of the latter may be tacked to that of the former, and thus make up the period necessary to give title by adverse possession. p. 508.

5. TENANCY IN COMMON.—*Adverse Possession.—Contract of Sale.—Estoppel.*—In an action by a cotenant to quiet title the defendant who had held possession of the entire land under a deed which had been on record for more than twenty years is not estopped to deny that plaintiff has an interest in the real estate because of a contract of sale thereafter executed by defendant, in which the defendant agreed to hold one-half of the payments received in trust for his cotenants, since, when said contract was executed, defendant's title had ripened by adverse possession. p. 509.

6. TENANCY IN COMMON.—*Adverse Possession.—Transfer Records.—Notice.*—The fact that land claimed to be held by tenancy in common is carried on the transfer records in the office of the auditor of the county, for taxation in the names of the alleged cotenants does not constitute constructive notice of any fact by which either cotenant would be bound, as it is the result of a mere clerical act of a public officer. p. 510.

7. TENANCY IN COMMON.—*Adverse Possession.—Payment of Taxes not Notice.*—The fact that the grantee in a deed by one of two or more cotenants who is claiming ownership of the whole title paid, or did not pay, all the taxes, the heirs of the grantor having paid part which was in their names, does not constitute constructive notice to parties claiming adverse possession. p. 510.

8. EVIDENCE.—*Documentary Evidence.—Treasurer's Notations on Records.—Admissibility.*—Notations on the books in the office of the county treasurer showing who paid certain taxes are not competent evidence as to the ownership of land on which the taxes were paid, where it does not appear that such notations were made pursuant to any express or implied official duty. p. 510.

From Hamilton Circuit Court; *Fred E. Hines*, Judge.

Action by Henry T. Keyser against Horace G. Brown and others. From a judgment in favor of defendants, the plaintiff appeals. *Affirmed.*

*Russell T. McFall*, for appellant.

*Frederick E. Matson, Ralph K. Kane, James A. Ross, Robert D. McCord* and *Adolph Schreiber*, for appellees.

BATMAN, J.—This is an action on the part of appellant against appellees to quiet his title to an undivided one-half of certain real estate, to have partition thereof, and for an accounting; and on the part of appellee Horace G. Brown, by a cross-complaint, to quiet his title to all of said real estate, and in the event such a decree is denied him, that he have a lien adjudged against the same in his favor. There are also cross-complaints by other appellees, setting up their respective interests, and asking that they be protected. Issues were duly joined upon the complaint and cross-complaints, and on

the trial the court, on request, made a special finding of facts and stated its conclusions of law thereon. A judgment in favor of appellees followed, from which appellant prosecutes this appeal.

The only error assigned, on which appellant has stated any proposition or point, is based on the action of the court in overruling his motion for a new trial. The specific contention being, that the finding of the court to the effect, that appellee Horace G. Brown and his father, have been, successively, in actual, open, notorious, uninterrupted, exclusive and adverse possession of the real estate in suit, continuously, since 1886, and that said appellee alone had been in such possession, continuously, for a period of more than twenty years, is not sustained by the evidence. As bearing upon this contention we note that there is substantial evidence tending to show, that one Samuel Keyser departed this life in 1839, seized of the real estate in suit, which is located in Hamilton county, Indiana; that on and after the death of said Keyser the title to said real estate, by the laws of descent, devises, and deeds of conveyance, passed to appellant and one James K. Boyd, as tenants in common, each being the owner of an undivided one-half thereof; that on August 17, 1886, said Boyd and his wife executed a warranty deed for all of said real estate to one Daniel R. Brown, the father of appellee Horace G. Brown; that said Daniel R. Brown on October 19, 1886, caused his said deed to be duly recorded in the office of the recorder of Hamilton county, Indiana; that immediately, or soon after obtaining a deed for said real estate, the said Daniel R. Brown entered into the possession thereof, and thereafter performed such acts with reference thereto, as were consistent with ownership; that said Daniel R. Brown departed this life testate, on March 11, 1893, in possession of said real estate, by virtue of said deed, and

that by the terms of his will, his rights therein passed to his son, the appellee Horace G. Brown; that said appellee entered into the possession of said real estate upon the death of his father, and thereafter performed such acts with reference thereto, as were consistent with ownership, including the making of repairs and improvements, cutting timber for sale, excavating ditches for drainage, and the execution of deeds of conveyance for two separate portions thereof; that said acts so performed by said Daniel R. Brown from the date of his deed from said Boyd until the time of his death, and so performed by his son, the appellee Horace G. Brown, from the death of his father to the commencement of this action, were continuous, uninterrupted, open and notorious, and of such a character as were consistent with exclusive and adverse possession thereof. There is no evidence, however, that appellant had any *actual* knowledge of the recording of the deed from said Boyd to said Daniel R. Brown, or that the same had been executed, or that he had any *actual* knowledge that either of said Browns were claiming to own all of said real estate.

We do not understand that appellant denies that there is evidence tending to establish the facts stated, but insists that the finding of the ultimate fact in question is not warranted, because the undisputed evidence shows, that he and the said James K. Boyd were tenants in common of the real estate in suit; that after the conveyance by the latter to Daniel R. Brown, he and said Brown became tenants in common thereof, and that after the death of the latter, he and appellee Horace G. Brown bore the same relation thereto. Based on these facts he contends that since the possession of one tenant in common is the possession of all in the absence of *actual* knowledge, that the tenant in actual possession is asserting an adverse

claim, the ultimate fact under consideration is not shown to exist, as there is a total absence of any evidence showing such knowledge on his part. Appellant's conclusion would be plausible, were it not based on a false premise, viz.: that the tenant with only constructive possession, must have actual knowledge of the adverse claim of the tenant in actual possession. This is true, since constructive knowledge will suffice to put the statute of limitations in operation, under the circumstances stated. *Price* v. *Hall* (1895), 140 Ind. 314, 39 N. E. 941, 49 Am. St. 196; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N. E. 236; *Carr* v. *Alexander* (1912), 149 S. W. (Tex.) 218; *Mathews* v. *Baker* (1916), 47 Utah 532, 155 Pac. 427; *Hynds* v. *Hynds* (1913), 253 Mo. 20, 161 S. W. 812; *Roberts* v. *Cox* (1913), 259 Ill. 232, 102 N. E. 204; *Allen* v. *Morris* (1912), 244 Mo. 357, 148 S. W. 905, Ann. Cas. 1913D 1310, and note.

This leads us to consider whether appellant's said cotenants asserted claims to the real estate in suit adverse to him, and whether he had constructive knowledge thereof. Where a party obtains a deed from one of two or more cotenants for the whole estate in lands, and takes possession of the same in pursuance thereof, it will be presumed, the contrary not appearing, as is true in the instant case, that, in so doing, he intended to assert all the rights which his grantor had assumed the authority to invest in him. *King* v. *Carmichael* (1893), 136 Ind. 20, 35 N. E. 509, 43 Am. St. 303; *Price* v. *Hall, supra.* On the question of constructive knowledge it should be noted, that said Daniel R. Brown had his deed to the real estate in suit from James K. Boyd duly recorded in 1886 in about two months after its execution. This had the effect of giving appellant constructive knowledge of the intention of the grantee therein to claim title to the whole

of said real estate. *Grubbs* v. *Leyendecker* (1899), 153 Ind. 348, 353, 53 N. E. 940; *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 125, 98 N. E. 37, 100 N. E. 376; *Bakemeier* v. *Bakemeier* (1919), 72 Ind. App. 165, 171, 122 N. E. 681; *Worthley* v. *Burbanks* (1897), 146 Ind. 534, 543, 45 N. E. 779; *Watson* v. *Jeffrey* (1884), 39 N. J. Eq. 62; *Joyce* v. *Dyer* (1905), 189 Mass. 64, 75 N. E. 81, 109 Am. St. 603; *Robles* v. *Robles* (1913), 154 S. W. (Tex.) 230. Since appellee Horace G. Brown derived his title to the real estate through his father, said Daniel R. Brown, by will, such privity existed between them as will authorize the tacking of the two possessions, and thus make up the period necessary to give said appellee title, if other attending facts are sufficient to warrant it. 2 C. J. 88; 1 R. C. L. 718; *Doe* v. *Brown* (1853), 4 Ind. 143; *McEntire* v. *Brown* (1867), 28 Ind. 347; *Stalcup* v. *Lingle* (1921), 76 Ind. App. 242, 131 N. E. 852; *Rembert* v. *Edmondson* (1897), 99 Tenn. 15, 41 S. W. 935, 63 Am. St. 819; *Ramsey* v. *Glenney* (1891), 45 Minn. 401, 48 N. W. 322, 22 Am. St. 736.

It is contended that appellee Horace G. Brown is estopped to deny that appellant has an interest in the real estate in suit, by reason of a contract executed by him, containing a lease to the Hamilton Chemical Company for a portion thereof, and an option to purchase the same, in which he agreed to hold one-half of the rents received therefrom in trust for his cotenants, after making certain deductions. We are unable to give this contract the effect for which appellant contends, as the evidence discloses it was executed on February 22, 1915, over twenty-nine years after Daniel R. Brown had obtained a deed for all of said real estate and had the same duly recorded, and the court may have found that the title of appellee Horace G. Brown to the undivided one-half thereof, now

claimed by appellant, had ripened by adverse possession, long prior to the execution of such contract. In such event the title of appellee would not be defeated thereby. *Rennert* v. *Shirk* (1904), 163 Ind. 542, 72 N. E. 546; *Rosenmeier* v. *Mahrenholz* (1913), 179 Ind. 467, 101 N. E. 721; *Grim* v. *Johns* (1916), 61 Ind. App. 514, 112 N. E. 13. Such title is, in fact, as effective as if acquired by formal conveyance, *Moore* v. *Hinkle* (1898), 151 Ind. 343, 50 N. E. 822; *Craven* v. *Craven* (1913), 181 Ind. 553, 103 N. E. 333, 105 N. E. 41.

Appellant finally asserts that the evidence shows two other significant facts, that of themselves ought to be controlling in his favor on the question under consideration, viz.: (1) That the real estate in suit remained on the transfer records in the office of the auditor of Hamilton county, Indiana, in the name of Keiser Heirs, and D. R. Brown from 1886 to 1903, and in the name of Keiser Heirs and H. G. Brown from the latter date to the present time. (2) That the tax duplicates of said county show, that during the greater portion of said periods said Browns only paid one-half of the taxes on said real estate, and the Keiser Heirs paid the remaining one-half thereof. Based on these alleged facts, appellant contends, that the finding in the particular challenged is not sustained by the evidence, as it discloses thereby that each of said Browns recognized, within the period necessary to bar his right of recovery, that he had an interest in said real estate, and hence were not holding the same adverse to him. As to the first alleged fact it suffices to say, that its existence is the result of a mere clerical act of a public officer, without a showing that either of said Browns were in any way responsible therefor, or had any actual knowledge thereof, and it is certainly not a record, giving constructive knowledge of a fact, by which they would be bound, unless they secured a change therein,

or repudiated the same. *Central, etc., R. Co.* v. *McMains* (1914), 58 Ind. App. 132, 107 N. E. 88. As to the second alleged fact, we note that the only taxes which the evidence conclusively shows were paid by said Keiser Heirs, was the second installment for the year 1909. But the court may have found, that this payment was made long after said appellee had acquired a complete title to all of said real estate by adverse possession, in which event such payment would have no significance, as shown by the cases cited above. For evidence as to the payment of other taxes, appellant relies on the fact that the real estate in suit, from 1886 to the present time, has appeared on the tax duplicates in the name of Keiser Heirs, and either D. R. Brown or H. G. Brown, together with certain notations thereon at various places, as to who made the payment of the taxes, and the absence of any such notations at other places. Since it does not appear that the notations in question, if entered by the county treasurer, were made pursuant to any express or implied official duty, they cannot be given the effect for which appellant contends, and especially in view of appellee's objections to the admission of such duplicates in evidence. 22 C. J. 803; 34 Cyc 586; 1 Elliott, Evidence 405; *Williamson* v. *Doe* (1843), 7 Blackf. 12; *Steiner* v. *McMillan* (1921), 59 Mont. 30, 195 Pac. 836; *Wilson* v. *Johnson* (1907), 152 Ala. 614, 44 So. 539; *Dutton* v. *Stoughton* (1906), 79 Vt. 361, 65 Atl. 91; *McKinnon* v. *Fuller* (1914), 33 S. D. 582, 146 N. W. 910. Moreover, it is not shown that either of said Browns was responsible for the existence of such notations, or that they had any actual knowledge thereof, or were bound to take notice thereof, as a matter affecting their claim of adverse possession. *Central, etc., R. Co.* v. *McMains, supra.* For the same reason we attach no significance to the absence of any such notations on the tax duplicates. But if such mat-

ters could properly be considered, including the state of the transfer records and the tax duplicates, and the absence of a claim on the part of appellee Brown for the payment of a few installments of taxes, as evidenced by the exhibit filed with his cross-complaint, it would not be conclusive in favor of appellant's contention, but would only constitute circumstances to be considered in a determination of the issue involved. Failing to find any error in the action of the court in overruling appellant's motion for a new trial, the judment is affirmed.